Argued October 10, affirmed November 13, 1968

# PENN PHILLIPS LANDS, INC., *Appellant, v.*
# STATE TAX COMMISSION, *Respondent.*

446 P. 2d 670

*James C. Lynch* and *Theodore R. Conn*, Lakeview, argued the cause and filed briefs for appellant.

*Alfred B. Thomas*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and Theodore W. deLooze, Assistant Attorney General, Salem.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL and MENGLER, Justices.

O'CONNELL, J.

This is an appeal by the plaintiff taxpayer from an order of the tax court concerning plaintiff's 1965 tax liability entered upon our mandate in *Penn Phillips Lands, Inc. v. State Tax Commission*, 247 Or 380, 430 P2d 349 (1967).

Plaintiff owns land in Christmas Valley which is located in the northern half of Lake County, Oregon. The county assessor had made a comprehensive re-appraisal of the southern half of Lake county which was completed in 1963. He had not made a similar re-appraisal of the northern half of the county. However, he did make a reappraisal of plaintiff's lands. Plaintiff's lands were assessed for the tax year 1965 at $60.00 per acre whereas like land adjacent to plaintiff's land was assessed at $1.50 to $5.00 per acre.

In its original action plaintiff sought to have the assessed value of the neighboring land increased so as to be uniform with that of plaintiff. The tax court instead re-assessed plaintiff's land at $10.00 per acre. We held that because the preponderance of the evidence supported the conclusion that the land was worth $60.00 per acre, the tax court erred in assessing the land

at a lesser value. 247 Or at 386, 430 P2d at 352. We held further that the Lake county assessor had singled out the plaintiff for selective treatment in violation of Art. I, § 32 and Art. IX, § 1 of the Oregon Constitution. However, we noted that the relief requested by plaintiff—the raising of the assessed value of neighboring land—was no longer available because the tax year was past and the taxpayers who would be affected thereby were not before the court. We concluded, therefore, that the only practical relief available to plaintiff was some kind of a refund for the tax year in question. We noted that the tax commission had suggested a formula for computing the refund and we indicated that the suggestion had merit. The formula was summarized as follows:

> "* * * It is suggested that the taxpayer's liability for 1965 be recomputed against the 1965 market value on the basis of the millage that would have been in effect if the relevant surrounding region of the county had been reappraised at its true market value at the same time the lands of the taxpayer were reappraised. This recomputation of millage would leave undisturbed the market values assigned to the taxpayer's land in 1965. While the taxes actually paid by the neighboring owners would not be changed ex parte by this decision, the taxes which ought to have been paid by the complaining taxpayer can be determined, and a refund can be calculated accordingly."

We then held that "[t]he judgment below should be modified to order a refund computed in accordance with the views expressed herein."

The tax court following the formula endorsed in our original opinion put a value of $60.00 per acre on the neighboring lands; established a new millage figure

based upon that increase in value; computed plaintiff's tax using the new millage; and thus found an overpayment of $5,787.88, which the court ordered Lake county to refund to plaintiff.

Plaintiff contends that "the due process clause of the Federal Constitution and the uniformity and equality clauses of the Oregon Constitution are violated by the court's method of computation," (relying upon Oregon Constitution, Art. I, § 13; Art. IX, § 1, and Constitution of the United States, § 1, Amendment 14).

It is plaintiff's position that the tax on its land should have been computed, not on the basis of 1965 values ($60.00 per acre for plaintiff's and neighboring land), but upon the basis of the assessed values prior thereto. Using the values established by the previous assessment made in 1957, plaintiff's land would then be valued at $1.50 to $5.00 an acre for a total value of $62,770 instead of $1,038,690, the value used by the tax court. Applying plaintiff's formula its refund would be $36,480.73 as compared with $5,787.88 refund ordered by the tax court.

Plaintiff's position seems to rest upon the theory that since at the time of its protest the taxing authorities could not have raised the valuation of neighboring land upon the basis of the 1965 values for the purpose of imposing an additional tax on those lands (because the tax had been imposed and the tax year had passed), plaintiff should be put in the same position. Defendant responds with the argument that the tax court employed the only formula it could apply consistent with our original opinion which keyed the recomputation of plaintiff's tax to 1965 market values. Defendant further argues that to use 1957 values in computing

plaintiff's tax when 1965 values are used in computing the tax on landowners in the southern part of the county would discriminate against the latter. Plaintiff replies that our former opinion did not restrict the tax court to the method endorsed by us, since it was merely a "suggested" method and was not intended to be the exclusive method. Plaintiff answers defendant's second argument by pointing out that the heavier burden on the taxpayers in the southern part of the county was not the result of any dereliction of duty on the part of the taxpayer but the result of the failure of the taxing authorities to follow the statutes requiring reappraisal every six years (ORS 308.234 and 308.061).

■ It is not necessary for us to appraise these arguments in deciding the present case. Even though it is assumed that our former opinion did not make it mandatory upon the tax court to recompute plaintiff's tax upon the basis of the increased values established by the 1965 and 1966 assessments, our opinion at least constituted a holding that the suggested formula was a permissible method of recomputing plaintiff's tax. Since plaintiff did not raise any objection to that part of our holding by filing a petition for rehearing, the suggested formula even if subject to the objections now asserted by plaintiff became the law of the case and its validity as a method of computing the refund cannot now be re-examined by us.

■ Plaintiff also argues that it has been discriminated against because, under the formula adopted by the tax court, plaintiff will not be made whole because it will be required to pay a part of the refund which it receives for the reason that the amount paid to it as a refund will subsequently be reflected in the increased millage which it will be required to pay. Defendant

points out that this is an unavoidable inequity which occurs in every case where a refund is made to a taxpayer who is subject to future taxation. Whether the inequity is unavoidable or even if unavoidable the rule relied upon by defendant should be applied where a taxpayer is harmed by the systematic discrimination of the taxing authorities in the assessment of his property, we need not now decide. If relief were to be granted to a taxpayer so affected, it would not be known what proportion of the amount refunded he would be required to pay until the increase in millage attributable to the refund was computed (assuming that such a computation is possible or feasible). It is possible that a taxpayer who has received a refund would not be burdened with any further tax on the property. This would be the case, for example, where he conveyed his property after he received the refund and before the tax (including the amount of the refund) was imposed upon his property. In short, it is our opinion that plaintiff's claim for an adjustment reflecting the payment of a portion of his own refund, if it can be entertained by the court, a question we do not decide, is not now ripe for adjudication.

The judgment of the tax court is affirmed.