**Jack Goode HALE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14817.**

Court of Criminal Appeals of Oklahoma.

April 9, 1969.

Leon E. Tabor, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Jack Goode Hale, hereinafter referred to as defendant, was charged, tried and convicted for the offense of Burglary in the Second Degree After Former Conviction of a Felony, and from the judgment and sentence assessing his punishment at 30 years imprisonment in the State Penitentiary, he appeals.

The undisputed facts are that the defendant was apprehended while burglarizing the Hatchett Sinclair Service Station, located at 1321 North Classen Boulevard in Oklahoma City, Oklahoma, on the 29th day of August, 1967, and the single assignment of error which is urged under several propositions, is that the trial court erred in refusing to grant the defendant a mistrial when, during the closing argument of the Assistant District Attorney, James McKinney, said attorney made remarks which were highly prejudicial and inflammatory. In this connection we observe that most of the remarks now complained of occurred during the closing argument after the second stage of the two-stage trial, and subsequent to the rendition of the jury's verdict finding the defendant guilty. Some of the remarks which were objected to, if made prior to the determination of the defendant's guilt, might have required reversal in a close case, but in the instant case the remarks of the prosecutor which were designed and calculated to inflame the jury and cause them to render a verdict fixing the punishment at a greater term of imprisonment than would ordinarily be imposed under similar circumstances, were made after the determination of guilt and prior to the time the jury retired to deliberate on the punishment issue.

We deem it unnecessary to set forth the several prejudicial remarks made by the prosecuting attorney, suffice it to say that these remarks exceeded the bonds of propriety and proper argument and resulted in the imposition of punishment greater than the facts and circumstances justify.

We are of the opinion that the ends of justice will best be served by a reduction

of the judgment and sentence from a term of Thirty (30) years imprisonment, to a term of Twenty (20) years imprisonment, and as so modified, the judgment and sentence is affirmed. Judgment and sentence modified, and as so modified, affirmed.

BRETT, P. J., and NIX, J., concur.