Jack Goode **HALE**, Petitioner,

v.

Ray H. **PAGE**, Warden, Oklahoma State Penitentiary, Respondent.

No. A–15485.

Court of Criminal Appeals of Oklahoma.

Dec. 16, 1970.

Valdhe F. Pitman, Oklahoma City, for petitioner.

James R. McKinney, Asst. Dist. Atty., Oklahoma County, for respondent.

## MEMORANDUM OPINION

NIX, Judge:

This is an original proceeding in habeas corpus on reconsideration. Initially petitioner had filed a pro se petition for writ of habeas corpus to which the Attorney General filed a response and on the basis of which, this Court issued an order of denial dated October 1, 1969. The denial of habeas corpus was based in part upon petitioner's then pending appeal before this Court, which was subsequently affirmed after modification of the sentence imposed. Hale v. State, Okl.Cr., 453 P.2d 302 (1969).

Thereafter, the Attorney General filed a "Motion to Reconsider" asserting that the petitioner, in a supplemental brief, raised a constitutional error claiming that he was forced to give testimony against himself through fear. This allegation of the petitioner states that he confessed while "police officers were holding a gun" on him and that he was a minor without presence of parents, guardian, or counsel. Since the Attorney General did not respond to this issue, nor did this Court's order of October 1, 1969, deal with this issue, reconsideration was requested and granted. This Court, on July 8, 1970, directed the District Court of Oklahoma County to conduct an evidentiary hearing on the alleged constitutional error.

The evidentiary hearing was held on September 28, 1970, before Judge Harold C. Theus, with petitioner present and represented by counsel. Witnesses were examined and arguments of counsel for both petitioner and the state heard, with a transcript of the proceedings filed along with the findings of the District Court. It appears that the exculpatory statements of the petitioner were made to officers at the scene of the crime pursuant to questions of the officers when petitioner was caught in the act of the commission of the crime for which he was convicted. Petitioner was 20 years of age and before any questions by the officers, the petitioner was advised that he was under arrest for burglary, that he had the right to remain silent, had the right to an attorney, and that if he could not afford one, one would be appointed by the court, but if he wanted to talk to the officers he might do so, and could stop at any time he desired, and that anything he said could be used against him. Although prior to any questioning, one of the officers had drawn a gun, it appears that at the time petitioner made his statement to the officers, no one was holding a gun on him.

Pursuant to this Court's order, the District Court at the evidentiary hearing, made two findings:

"That all statements made by the petitioner and testified to at the trial were wholly voluntary and made knowledgeably and without duress and without fear except as the same may have been subjectively induced by the defendant by reason of his own wrongful acts and the fact that he was observed and caught by the officers in the execution of the burglary for which the trial jury convicted him."

"That the execution of the burglary by the defendant, his apprehension and subsequent arrest at the scene, his voluntary statements, the explanation of his constitutional rights by the officers, the questions by them asked and the petitioner's answers thereto were so closely tied together in point of time and place that there were, for all practical purposes, part of the res gestae of the criminal act and the factum of the arrest itself."

In view of these findings, which are sustained by the record of the evidentiary hearing, we hold petitioner's alleged constitutional error of self-incriminating testimony through fear to be without merit. We are of the opinion that statements made by the petitioner after being advised of his constitutional rights were voluntary and

therefore admissible into evidence. Reese v. State, Okl.Cr., 462 P.2d 331 (1969). Accordingly, the petition for writ of habeas corpus is hereby denied.

BRETT, P. J., and BUSSEY, J., concur.