## S. G. AND AFTON MARRIOTT v. DEPT. OF REVENUE

Carol Hewitt, Lindsay, Nahstoll, Hart, Duncan, Dafoe & Krause, Portland, submitted briefs for plaintiffs.

Glen V. Sorensen, Assistant Attorney General, Salem, submitted briefs for defendant.

Decision for defendant rendered September 7, 1971.

CARLISLE B. ROBERTS, Judge.

This is an appeal from the Department of Revenue's Order No. VL 70-177. The facts have been stipulated and the case tried on briefs.

For the tax year 1968-1969, the plaintiffs made a timely application under ORS 308.375 for the special farm use assessment for real property, described as follows: Code 3-5, Account No. 294, Tax Lot 5, 203S1W, consisting of 106.07 acres, located in Clackamas County, Oregon. The plaintiffs did not take an appeal from the denial of the application by the county assessor, although a statutory method is provided in ORS 306.520.

For the tax year 1969-1970, the year in question, plaintiffs did not make application for the special farm use assessment and now complain that they did not receive notification from the county assessor of failure to file allegedly required by ORS 308.375(4). However, upon receiving notice from the assessor (mailed as required by ORS 308.280) that the assessment of the subject property was being increased substantially, the plaintiffs contested the increase above the alleged farm use value. They received adverse rulings from the county board of equalization and from the Department of Revenue and appeal to this court.

The issue on this appeal is whether the filing of an application for special farm use assessment for the tax year 1968-1969 and the denial of the same by the assessor excused the plaintiffs from filing an application for the tax year 1969-1970 while allowing the tax benefits of an approved filing. The plaintiffs claim that their application for farm use assessment for 1968-1969 should have been approved and, consequently, they are excused from reapplying for the special farm use assessment in 1969-1970.

■ The parties stipulated that the property in question was not in a farm use zone described in ORS

308.370 in the tax year 1969-1970. Therefore, it appears from the statute that an application for special assessment was required to be filed with the county assessor to obtain the farm use designation under ORS 308.375 for 1969-1970 and the court so holds. Moreover, ORS 308.375(4) is explicit in pointing out that:

> "* * * in each year the county assessor shall notify by registered or certified mail each owner of farm land in that county who secured special assessment under subsection (2) of ORS 308.370 for the preceding year but who did not make application therefor on or before April 1 of the current year. * * *"

■ Plaintiffs plead that the assessor's failure to give the specified notice estops him from denying the farm use assessment for 1969-1970, citing *Johnson v. Tax Commission,* 248 Or 460, 453 P2d 302 (1967). Plaintiffs are incorrect in assuming that they should have received notification of their failure to file an application for the special farm use assessment in the year 1969-1970, since the statute clearly requires such notice to be given only where the special assessment was secured in the prior year. Since the plaintiffs' 1968-1969 application had been denied by the assessor, the plaintiffs had never "secured" special assessment under ORS 308.370(2).

■ The plaintiffs claim that, as a matter of law, the filing of the application required under ORS 308.375 qualifies unzoned farmland for the farm use assessment. This is incorrect. The statutory language of ORS 215.203 and 308.270 to 308.395 conclusively gives the county assessor the duty and the right to approve or disapprove the application after determining whether the land meets all the requirements of

the statute. The legislature enacted ORS 308.380 to give to the Department of Revenue the power to provide a more detailed definition of "farm use," consistent with the general definition in subsection (2) of ORS 215.203, to be used by the county assessors in determining entitlement to the special assessment under subsection (2) of ORS 308.370. See the department's regulation, R308.380, which states in part:

> "2. The assessor must consider all the requirements of ORS 215.203 and must be convinced that not only such requirements are met but, in addition, the land must be used in a manner that is reasonably designed and intended to give rise to a profit. Land so used is farm-use land. * * *"

Thus, entitlement to the farm use assessment is discretionary because the assessor must study the facts and make a determination before the application is accepted.

The plaintiffs urge lack of knowledge and lack of counsel but such arguments are necessarily meaningless if law is to function. Here it is clear that the proper action for the plaintiffs would have been to appeal the 1968-1969 denial of their application of the farm assessment or, in turn, to have reapplied in the year 1969-1970 and to have appealed that denial under the proper procedures of ORS 306.520, assuming that the assessor did in fact deny the second application. An appeal to the court should not be made until the available statutes have been utilized, opportunity has been accorded for official determination to be made, and administrative remedies have been exhausted. See *Weyerhaeuser Co. v. Galloway*, 168 Or 85, 121 P2d 469 (1942).

Order No. VL 70-177 of the Department of Revenue is affirmed.