Michael **FALKENSTEIN** and Clifford V. **McGLOTTEN**, Individually and on Behalf of all others similarly situated, Plaintiffs,

v.

The **DEPARTMENT OF REVENUE FOR** the **STATE OF OREGON** and Charles Mack, in his capacity as the Director of the Department of Revenue for the State of Oregon, Defendants.

**Civ. No. 71–816.**

United States District Court,
D. Oregon.

Nov. 20, 1972.

Stay Denied Dec. 4, 1972.
See 93 S.Ct. 530.

Appeal Dismissed Jan. 8, 1973.
See 93 S.Ct. 907.

Kenneth J. Keller, Milwaukie, Or., and L. A. Aschenbrenner, Portland, Or., for plaintiffs.

Lee Johnson, Atty. Gen. for Oregon, and Gerald Bartz, Asst. Atty. Gen., Salem, Or., for defendants.

Before HAMLEY, Circuit Judge, and SOLOMON and TAYLOR, District Judges.

## OPINION

SOLOMON, District Judge:

Plaintiffs seek a declaratory judgment and an injunction restraining the State of Oregon from granting tax exemptions to the Benevolent and Protective Order of Elks (Elks Lodge), a fraternal order which practices racial discrimination in membership selection. The plaintiffs contend that state tax exemptions for racially exclusive fraternal organizations violate the Equal Protection Clause of the Fourteenth Amendment. A three-judge District Court was convened. 28 U.S.C. §§ 2201 and 2281.

The facts are not in dispute. ORS 307.136 and ORS 317.080(2) exempt fraternal organizations from state property and corporate excise taxes. ORS 307.-134 defines a fraternal organization as a corporation:

. . . . . .

(b) Which is not solely a social club but is established under the lodge system with ritualistic form of work and representative form of government; [and]

(c) Which regularly engages in or provides financial support for some form of beneficial or charitable activity with the purpose of doing good to others rather than for the convenience of its members;

. . . . . .

The Elks Lodge enjoys tax-exempt status under this provision.

■ The State contends that this court lacks jurisdiction; we assume this includes a challenge to plaintiffs' standing. Clifford McGlotten, a Negro, was denied membership in the Portland, Oregon, Lodge No. 142 of the Elks solely because of his race.[1] McGlotten has standing to challenge tax exemptions to the Elks Club. Pitts v. Dept. of Revenue for the State of Wisconsin, 333 F. Supp. 662 (E.D.Wis.1971); see McGlotten v. Connally, 338 F.Supp. 448 (D.D.C.1972). This court has subject matter jurisdiction under 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983. Pitts, supra.

Michael Falkenstein is a white Oregon taxpayer. Since McGlotten has standing to question the constitutionality of the tax exemptions, it is not necessary to decide whether Falkenstein has standing here.

■ The State contends that the tax exemptions do not encourage or foster racial discrimination. They assert that the exemptions, like the liquor license in Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972), do not constitute state action within the meaning of the Fourteenth Amendment. We disagree.

Unlike the liquor license in Moose Lodge, tax exemptions for fraternal organizations benefit both the State and the organizations. Oregon relieves fraternal organizations from the burden of property and corporate excise taxes and, in return, the public benefits from the charitable and benevolent activities of these organizations. This is the kind of "symbiotic relationship" that was lacking in Moose Lodge, supra, at 175, 92 S. Ct. 1965.

The State grants tax exemptions to encourage private support of activities in which the State has a vital interest, Methodist Book Concern v. State Tax Commissioner, 186 Or. 585, 208 P.2d 319 (1949), and to support "a service that would otherwise in all likelihood be performed by the State." Moose Lodge, supra, at 175, 92 S.Ct. at 1972. The public receives services that would require the

---

1. Section 144 of the Constitution and statutes of the Grand Lodge of the Benevolent and Protective Order of Elks provides in pertinent part that:

No person shall be accepted as a member of this Order unless he be a white male citizen of the United States of America . . . .

The By-laws and Rules of Order of Portland, Oregon, Lodge #142 conform to the National Constitution in Article II: Membership § 1:

Applications for membership shall be received only from white male citizens of the United States of America . . . .

expenditure of state funds. These mutual benefits constitute a degree of state involvement in discriminatory activity that the Fourteenth Amendment prohibits. Burton v. Wilmington Parking Authority, 365 U.S. 715, 81 S.Ct. 856, 6 L. Ed.2d 45 (1961).

These exemptions are important in the operation of the Lodge because they give the Lodge a fiscal freedom it would otherwise not enjoy. By accepting the State's generosity, the Elks Lodge is obligated to comply with the Equal Protection Clause of the Fourteenth Amendment. And the State, as in *Burton*, is under a duty to ensure that the Lodge meets this obligation. Oregon may not "effectively abdicate its responsibilities by either ignoring them or by merely failing to discharge them whatever the motive may be." *Id.* at 725, 81 S.Ct. at 861.

Moreover, ORS 307.134(1)(c) requires the State, before granting an exemption, to find that the fraternal organization engages in benevolent and charitable activities "with the purpose of doing good to others rather than for the convenience of its members." With this finding, Oregon places its stamp of approval on the Elks Lodge as an organization that furthers the legislative policy of the State.[2] Here, as in *Burton*, the State "has not only made itself a party to the [discrimination] but has elected to place its power . . . and prestige behind the admitted discrimination." *Burton, supra,* at 725, 81 S.Ct. at 862.

The defendant's reliance upon Walz v. Tax Commissioner, 397 U.S. 664, 90 S. Ct. 1409, 25 L.Ed.2d 697 (1970), is misplaced. The holding in *Walz* is limited to state tax exemptions for religious organizations. *Pitts, supra;* McGlotten v. Connally, *supra.*

We hold that the grant of tax exemptions to the Elks Lodge, a racially exclusive fraternal organization, violates the Equal Protection Clause of the Fourteenth Amendment and must be enjoined.

---

2. The Legislature itself has made this finding in the case of the Elks Lodge. ORS 307.134(2) states that for the purpose of property tax exemptions, " 'fraternal organization' includes, but is not limited to . . . the Benevolent and Protective Order of Elks . . . . ."