## FREIGHTLINER CORPORATION *v.*
## DEPARTMENT OF REVENUE

John H. Doran and George L. Kirklin, Dezendorf, Spears, Lubersky & Campbell, Portland, represented plaintiff.

Alfred B. Thomas, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiff rendered May 15, 1975.

CARLISLE B. ROBERTS, Judge.

Plaintiff has appealed from the defendant's Order No. VL 72-411, dated August 31, 1972, affirming the assessment of omitted personal property for the tax years 1965-1966 and 1966-1967, described in Assessor's Account No. 04-60145 of the assessment and tax rolls in Multnomah County's Department of Assessment and Taxation.

In *Freightliner Corp. v. Dept. of Rev.*, 258 Or 478, 483 P2d 1307 (1971), *aff'g* 3 OTR 528 (1969), the Oregon Supreme Court held that plaintiff was not entitled to the benefits of the Free Port Act, ORS 307.810 et seq. Defendant thereupon advised the Director of the Department of Assessment and Taxation, Multnomah County, to place on the assessment and tax rolls the personal property of the plaintiff which had theretofore been exempt from taxation under the county's construction of the Free Port Act, utilizing the "omitted property statute," ORS 311.207(1) et seq., for this purpose. The county followed this instruction and, finding that only two of the past years remained open for amendment under the statute, assessed plaintiff's omitted property for the tax years 1965-1966 and 1966-1967 as directed. Plaintiff took the required steps to appeal to this court (see defendant's Order No.

VL 72-411) and, in its complaint, set out several grounds why defendant's administrative order should be reversed. The defendant demurred to each cause in the plaintiff's complaint, on the ground that the complaint stated no cause of suit, and the court entered an order on August 29, 1973, sustaining the defendant's demurrer for the reasons stated in *Freightliner Corp. v. Dept. of Rev.*, 5 OTR 270 (1973).

In its decision sustaining the demurrer, the court, having been fully briefed by counsel, held (1) that the Department of Revenue had a statutory duty to advise the Director of the Department of Assessment and Taxation, Multnomah County, that, following the Supreme Court's decision in *Freightliner Corp., supra,* the county was required to assess and tax the plaintiff's omitted property for prior years which remained taxable pursuant to ORS 311.207(1) et seq.; (2) that the procedures specified in ORS 311.207(1) et seq, were properly utilized for this purpose; (3) that the delay by officers of Multnomah County in acting pursuant to ORS 311.207 et seq. did not invalidate such action as to the open years remaining of the five years specified in the statute; (4) that plaintiff's allegations of discrimination by defendant and by the county officials did not present a case of estoppel and that plaintiff's legal remedies to require the administrators to undertake a duty had not been pleaded; and (5) that allegations of improper ex parte communications by and between an Assistant Attorney General and the defendant's staff, if true, were collateral to the principal issue and did not vitiate the tax imposed upon the plaintiff by the county.

Thereafter, plaintiff filed an amended complaint, contending (1) that Multnomah County, having granted personal property exemption under ORS 307.810 et

seq. for a number of years, was estopped from reversing such grant of exemption retroactively; (2) that the defendant erred in refusing to cancel the county's property assessment for the reason that it had been entered on the rolls more than four years after the county had reason to believe that property had been omitted within the meaning of ORS 311.207 et seq.; and (3) that defendant's order to the county to place plaintiff's omitted property on the assessment and tax rolls was void because unconstitutionally discriminatory as to the plaintiff and that no adequate remedy was available to plaintiff.

Following submission of the case, the matter was reopened on plaintiff's motion to take testimony on newly discovered evidence relating to the question of discrimination. Thereafter, the record was enlarged as to this issue, the parties again rested, and the court considered the case on its merits.

For reasons set out in its decision sustaining the defendant's demurrer (5 OTR 270, 274-278 (1973)), the court finds for the defendant on plaintiff's first two contentions, but finds for the plaintiff on the issue of unconstitutional discrimination, for reasons set out below.

1. Under the accepted rules of statutory construction, the court finds that the operation of the omitted property law is mandatory as to all classes of property within its scope. ORS 311.207 et seq. In subsections (1), (2) and (3) of ORS 311.207, the mandatory "shall" is consistently used. *See Stanley, Adm. v. Mueller,* 211 Or 198, 208, 315 P2d 125 (1957).

The intent of the legislature in this respect is again manifest in ORS 311.215. This statute provides that if the assessing officer, having credible information that property has been omitted from the tax roll, nevertheless fails to comply with the omitted property

statutes on such discovery, he can be subjected to a proceeding in mandamus on the relation of any state officer or of any taxpayer of the county in which the failure occurs.

■ 2. The officers of the Department of Revenue, the defendant in this case, have solemn duties and a heavy burden of administration placed upon them. Under ORS 305.120, the defendant is required to see that "revenue officers comply with the tax and revenue laws, [and] that all taxes are collected, * * *." ORS 305.090 imposes upon the defendant a general supervisory duty over the administration of the assessment and tax laws of this state in order that "all taxable property is assessed uniformly according to law and equality of taxation according to law is secured." Under ORS 306.120, the defendant has the duty to issue instructions and directions to the various county assessors "as to the methods best calculated to secure uniformity according to law, in the system of assessment and collection of taxes." The taxing officials must obey defendant's orders. *State ex rel. v. Smith et al.,* 197 Or 96, 252 P2d 550 (1953). Defendant's duties require that it insure, so far as it is able, that ORS 307.030 shall be made effective, that "[a]ll real property within this state and all tangible personal property situated within this state, except as otherwise provided by law, shall be subject to assessment and taxation in equal and ratable proportion." Defendant must be ever mindful of the Oregon Constitution, Art I, § 32, which requires that "all taxation shall be uniform on the same class of subjects within the territorial limits of the authority levying the tax." It is, of course, amenable to U.S. Const, Amend XIV, § 1: "* * * nor shall any State deprive any person of  * * * property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." The defendant must sail a taut ship.

It follows from the powers and duties enumerated above that the Department of Revenue, upon learning of property which is properly assessable under the omitted property statute, has an affirmative duty to require the county assessor to proceed under the provisions of ORS 311.207 et seq. *Freightliner Corp.*, 5 OTR 270, at 274 (1973).

3. In order to contest the assessment made by Multnomah County, plaintiff must first prove that there was an intentional or arbitrary assessment made upon the personal property. This the plaintiff has done by a preponderance of the evidence. ORS 305.427. It has proved that, in the application of ORS 311.207 et seq., there has been regular and consistent enforcement of the omitted property section only as against industrial and manufacturing corporations. *Hyster Company v. Dept. of Rev.*, 4 OTR 351 (1971); *Roseburg Lbr. Co. v. Tax Com.*, 255 Or 13, 463 P2d 590 (1970); *Western States Fire v. Dept. of Rev.*, 4 OTR 11 (1969); and *Cominco Products, Inc. v. Tax Com.*, 243 Or 165, 411 P2d 85 (1966). On the other hand, as to the other kinds of property (land leased from the federal government; property of some fraternal organizations which practiced racial discrimination; property of some labor organizations; previously exempt property of a Y.M.C.A.) subject to ORS 311.207 et seq., where the defendant's attention had been called to the need to place omitted property on the tax rolls, the department has regularly failed to instruct the proper county officers to place the property of such owners upon the rolls retroactively (over the five years permitted by the statute), and, in some instances, the department has actually taken affirmative steps to instruct the county officials *not* to impose retroactive assessments and taxation. (In the case of the owners of summer homes on government property, found taxable upon the value of the leased land in the case

of *Ore. Summer Hm. Owners v. Johnson*, 265 Or 544, 510 P2d 344 (1973), a written instruction to this effect was given to county assessors by the department, in spite of the objection of its own legal counsel.)

The plaintiff, in its March 31, 1972, appeal in this case, specifically brought to the defendant's attention the requirement upon it to apply uniformly the provisions of ORS 311.207. However, the defendant took no action to rectify its prior policies and made no attempt to rescind its prior instruction to assessors of nonapplication of ORS 311.207 against the owners of summer homes situated upon government property, although the Supreme Court's May 24, 1973, decision upheld such taxation.

The plaintiff's appeal also pointed out the statutes required application against fraternal organizations taxable under *Falkenstein v. Department of Revenue, State of Oregon*, 350 F Supp 887 (DC Or 1972). On January 8, 1973, the U.S. Supreme Court dismissed the appeal (*Oregon State Elks Assn. et al. v. Falkenstein et al.*, 409 US 1099, 93 S Ct 907, 34 L Ed2d 681 (1973)) and any uncertainty as to the exemption of property used by racially discriminatory fraternal organizations ceased on that date. The judgment handed down by the Federal District Court declared ORS 307.136 and 317.080(2) unconstitutional as applied to a specific fraternal organization, the Elks. Instead of applying the provisions of ORS 311.207 against the fraternal group, the defendant entered into a consent Order No. 1-74, dated June 12, 1974, which stated that the provisions of ORS 311.207 would *not* be applied against either the Elks or the Loyal Order of the Moose, which under the provisions of *Falkenstein, supra,* would also be subject to taxation. No testimony has been adduced in this cause to explain the nonapplication here of the omitted property statute. The provisions of ORS 311.410 do not apply since no "trans-

fer" in either use or ownership occurred through the rulings in *Falkenstein*. The provisions of ORS 311.207 requiring assessment of property which has "from any cause been omitted" apply where the wrongful omission resulted from the granting of an exemption that was not available to the taxpayer either under the laws or under a constitution.

The plaintiff has testified with respect to other instances in which the defendant's preferential treatment of noncommercial property is illustrated. From the evidence submitted to this court, after the Tax Court's ruling in *Plywood & Veneer Local v. Commission*, 2 OTR 520, 525 (1967), in which the Tax Court held that property of a labor organization was not exempt, it appears that the Department of Revenue did not advise or order the assessment of omitted property discovered in that case and none was made as to the open years available for such assessment.

Subsequent to the decision in *YMCA v. Dept. of Rev.*, 268 Or 633, 522 P2d 464 (1974), neither the defendant nor the Attorney General made any recommendations as to the assessment of taxes against plaintiff's omitted property in that case, which previously had been treated as exempt from taxation but was found to be partially taxable under the rules of that case. The testimony adduced was that no such omitted assessments have been made on the open years.

The defendant admitted that during the ten-year period preceding September 14, 1973, the date of the plaintiff's interrogatory, neither the defendant nor the Attorney General had recommended or ordered any assessment as omitted property of any property other than commercial or industrial inventory. Instead, the defendant has been content to rely upon the individual assessors to make such omitted property assessments, and, in fact, had neglected its duty, under ORS 306.120,

to issue instructions to secure uniformity in the assessment and collection of taxes.

■ The court finds as a fact that the plaintiff has been subject to that type of discrimination which is fatal under the state and federal constitutions, for failure to maintain plaintiff's right to equal protection of the laws.

4. Consideration must be given to plaintiff's remedy in these circumstances.

The presence of intentional or arbitrary discrimination in the assessment process (as found in this case) has not been specifically ruled upon in the major Oregon cases where various plaintiffs have attempted to reduce their assessment values because some other like parcel of land was underassessed while plaintiff's land was assessed at fair market value. *See Commonwealth, Inc. v. Dept. of Rev.,* 259 Or 140, 484 P2d 1103 (1971) ; *Penn Phillips Lands v. Tax Com.,* 247 Or 380, 384-387, 430 P2d 349 (1967), 251 Or 583, 446 P2d 670 (1968), 255 Or 488, 497, 468 P2d 646 (1970) ; *Robinson et ux v. State Tax Com.,* 216 Or 532, 339 P2d 432 (1959). These cases are different from plaintiff's in that the facts here do not present that "sporatic inequality" which the Oregon Supreme Court mentioned in the *Robinson* case and which is also found in the others.

The plaintiff is not asserting that its property is overvalued but rather that it has been assessed, under the provisions of ORS 311.207, at its fair market value while other properties that should have been assessed as omitted property under the same statute were not so assessed. The principles on which plaintiff bases its argument can be found in *Southland Mall, Inc. v. Garner,* 455 F2d 887, 889 (6th Cir 1972). In that case, the U.S. Court of Appeals, in conformity with the decision in *Sioux City Bridge v. Dakota County,* 260 US

441, 43 S Ct 190, 67 L Ed 340, 28 ALR 979 (1923), held:

> "In order to establish an equal protection violation it is not necessary for a taxpayer to prove that he was overassessed. He may instead show that his property was assessed at its true value while other property was intentionally undervalued. * * *"

The court went on to adopt the additional requirement spelled out in *Sunday Lake Iron Co. v. Wakefield,* 247 US 350, 352, 38 S Ct 495, 62 L Ed 1154 (1918), in requiring that the taxpayer must always prove that he was a victim of " 'intentional and arbitrary discrimination whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.' "

It appears that under the facts of the present suit, the only appropriate remedy is that of placing the plaintiff in the position of the beneficiaries of the discrimination by striking the omitted assessments for the tax years 1965-1966 and 1966-1967 and holding them wholly void. Remedies which either (a) remit plaintiff to proceedings to compel public officers to do their duty, or (b) grant plaintiff a token refund measured by the millage rate which would have been imposed in Multnomah County for the years in question had all taxpayers been properly assessed, are neither adequate nor constitutionally permissible. *Hillsborough v. Cromwell,* 326 US 620, 66 S Ct 445, 90 L Ed 358 (1946).

*Sioux City Bridge, supra,* is authority that, where a taxpayer's property is assessed at 100 percent, all other like property of other taxpayers being assessed at 50 percent, in violation of the constitutional requirement of equal protection, the appropriate remedy is the reduction of the taxes of the taxpayer whose rights have been infringed upon, even though this is a departure from a statutory or constitutional

requirement. Mr. Chief Justice Taft, speaking for the Court, said (260 US 441, at 446):

"* * * The conclusion is based on the principle that where it is impossible to secure both the standards of the true value, and the uniformity and equality required by law, the latter requirement is to be preferred as the just and ultimate purpose of the law. * * *"

Carried to its logical conclusion, this principle would require that the whole amount of taxes be repaid to the taxpayer in the present case when the others, in similar circumstances, because of a claimed exemption, have paid no taxes at all. Such cancellation of the plaintiff's taxes is further supported by *Cumberland Coal Co. v. Board of Revision,* 284 US 23, 52 S Ct 48, 76 L Ed 146 (1931); *Iowa-Des Moines Bank v. Bennett,* 284 US 239, 52 S Ct 133, 76 L Ed 265 (1931); and *Moniot v. Property Tax Appeal Bd.,* 11 Ill App3d 309, 296 NE2d 354 (1973).*

Accordingly, defendant's Order No. VL 72-411 is set aside and held for naught because the defendant's instruction to the Multnomah County Department of Assessment and Taxation was unconstitutionally discriminatory in its effect, and thus unlawful, and the county was therefore lacking authority to assess the subject property as omitted property for the years 1965-1966 and 1966-1967. (The county never acted of its own motion.)

The Director of the Department of Assessment and Taxation of Multnomah County shall make the appropriate corrections in the assessment and tax rolls of

---

* "* * * The rule is calculated to prevent, not to repair. Its purpose is to deter—to compel respect for the constitutional guaranty in the only effectively available way—by removing the incentive to disregard it. * * *" Mr. Justice Stewart in *Elkins v. United States,* 364 US 206, 217, 80 S Ct 1437, 4 L Ed2d 1669, 1677 (1960).

Multnomah County for the subject years so that the rolls will conform to the requirements of this decision. If the Director of the Department of Assessment and Taxation, Multnomah County, upon correcting the assessment and tax rolls, discovers that taxes have been overpaid for the subject years, such overpayments shall be refunded to the plaintiff with interest thereon from the date of payment until payment is made, pursuant to ORS 311.806 and 311.812.

Plaintiff is awarded costs.