# ASSOCIATED COMPUTER SERVICES, INC.
### *v.*
## DEPARTMENT OF REVENUE

M. Lyle Trammell, Pattullo, Gleason, Scarborough, Trammell & Hannon, Portland, represented plaintiff.

Glen V. Sorensen, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered January 10, 1977.

CARLISLE B. ROBERTS, Judge.

Plaintiff appealed to this court from defendant's Order No. VL 76-416, dated June 23, 1976, which denied plaintiff relief from an action of the Washington County Department of Assessment and Taxation, taken under the provisions of ORS 311.211, adding plaintiff's personal property to the assessment and tax rolls for the tax years 1972-1973, 1973-1974, 1974-1975, and 1975-1976. Defendant had determined that it was without jurisdiction to hear the appeal on the merits because plaintiff was barred by the 30-day statute of limitations established in ORS 311.211(4).

Plaintiff was incorporated as a "bank service corporation" in 1968 in order to provide computer and data processing services for its principal shareholders, all of which are small Oregon banks. From the time of its incorporation, plaintiff has paid an 8 percent excise tax on its net income, on the assumption that it was entitled to make such payment in lieu of all other state and local taxes, with the exception of real property taxes, under its interpretation of former ORS 317.060 and 317.065 (since repealed by Or Laws 1975, ch 368). These statutes provided that banks and "financial corporations" should pay an excise tax for the privilege of doing business within Oregon, and that such a tax was in lieu of all other state, county, and municipal taxes except for real property taxes. By letter dated May 30, 1975, the Washington County Department of Assessment and Taxation informed plaintiff that it was not a "financial corporation" for purposes of ORS 317.060. Plaintiff did not formally appeal this determination.

On August 21, 1975, plaintiff made its appearance before the county assessor pursuant to ORS 311.209. Thereupon, its personal property was given a value for assessment purposes for the tax years 1972-1973 to 1975-1976. The assessed values were placed on the assessment rolls on September 8, 1975, pursuant to the provisions of ORS 311.207 to 311.211, the "omitted property" statute. Plaintiff then sought a conference with the defendant on September 17, 1975. By letter

[ 2 ]

dated December 30, 1975, the defendant approved the determination of the Washington County Department of Assessment and Taxation denying plaintiff's status as a "financial corporation." Plaintiff filed a formal appeal with defendant on January 12, 1976, seeking to utilize the procedure established by ORS 306.520.

The question of defendant's jurisdiction to adjudicate the merits of plaintiff's appeal is the sole issue before this court. Defendant argues that plaintiff is appealing from the addition of omitted property to the tax rolls, and therefore was required by the provisions of ORS 311.211(4) to appeal within 30 days after the date the omitted property was added to the rolls; in this instance, not later than October 8, 1975. Plaintiff contends that this is an appeal from an action of the Washington County Department of Assessment and Taxation which denied plaintiff an exemption from taxation pursuant to ORS 317.060, and therefore is governed by the six-month statute provided in ORS 306.520. The court must determine which of these two statutes applies and the date the appropriate period of limitation began to run.

ORS 306.520 provides in part:

"(1) Any taxpayer aggrieved by an act or omission of a county assessor or tax collector which affects his property and for which there is no other statutory remedy may, within six months after the act or omission becomes actually known to the taxpayer * * * appeal to the Department of Revenue by filing a petition for review and by filing copies thereof as provided in subsection (1) of ORS 306.515. * * *"

This statute provides an appropriate procedure for appeal from the denial of an exemption by a county assessor. *Heenan and Domogalla v. Dept. of Rev.,* 5 OTR 78 (1972); *Marriott v. Dept. of Revenue,* 4 OTR 508 (1971); *Sisters of Charity v. Wash. Cty. Com.,* 3 OTR 106 (1967).

ORS 311.211(4) provides:

"Any person aggrieved by an assessment made under

[ 3 ]

ORS 311. 207 to 311.213 may appeal to the Department of Revenue within 30 days after the correction of the roll by giving notice to the assessor and otherwise proceeding in the manner provided for appeals from the board of equalization."

This statute provides a remedy for the specific act of correction of the rolls by the county assessor because of the addition of allegedly omitted property pursuant to ORS 311.211. Property may be deemed "omitted," and added to the rolls under the authority of ORS 311.211, as the result of a determination that such property had been erroneously treated as exempt from taxation. *Freightliner Corp. v. Dept. of Rev.,* 5 OTR 270 (1973), 6 OTR 70 (1975), *aff'd on this issue,* 275 Or 13, 549 P2d 662 (1976); *Georgia-Pacific v. Dept. of Rev.,* 5 OTR 33 (1972).

In the case at bar, each of the remedies afforded by ORS 306.520 and 311.211 was at one time available to plaintiff.

Upon receipt of the letter from the Washington County Department of Assessment and Taxation, dated May 30, 1975, which informed plaintiff of the department's determination that plaintiff was not a "financial corporation" for purposes of ORS 317.060, plaintiff, having no other statutory remedy, was entitled to appeal this "act or omission of a county assessor" within six months, pursuant to the provisions of ORS 306.520. Plaintiff waived that right by allowing the statute to run on November 30, 1975.

▮ The correction of the tax rolls, by the addition of plaintiff's previously omitted personal property, was a separate act of the Washington County Department of Assessment and Taxation for which ORS 311.211 provides a statutory remedy. Plaintiff had 30 days from September 8, 1975, in which to appeal the addition of the omitted property to the tax rolls. The subject of this appeal, if it had been timely pursued, would have been the issue of plaintiff's qualification for exemption under ORS 317.060, because the initial

determination that plaintiff was not exempt from taxation gave rise to the addition of the omitted personal property to the tax rolls. However, the reason for the assessment of omitted property does not affect the statutory time limit imposed by ORS 311.211(4).

The defendant was correct in denying jurisdiction to try this matter on the merits. The defendant's Order No. VL 76-416 is affirmed. Its statutory costs are allowed.