DECISION
Plaintiff appeals Defendant's decision to revoke its 2009-10 property tax exemption for the residential portion of the subject property identified as Account R246179. The parties filed pleadings and oral argument was held on January 11, 2011.
 I. STATEMENT OF FACTS
The parties agree to the following facts. The subject property, The Fairfield, "is an 82 unit single-room occupancy (`SRO') rental housing facility, consisting of 27,866 sq. ft. of building area located * * * in downtown Portland, Oregon." (Agreed Facts at 1.[1]) "The Fairfield was acquired by the City of Portland, by and through, The Portland Development Commission (`PDC') at the request of, and for the benefit of, the City of Portland in January 2001. As a condition of PDC s acquisition, the residential portion of the facility was to be used exclusively for preserving affordable housing in downtown Portland." (Id.) Prior to PDC's acquisition of The Fairfield, it was owned by a "for-profit entity [that] entered into a Housing Assistance Payments Contract with the Housing Authority of Portland (`HAP'). HAP, in turn was under contract with the federal Department of Housing and Urban Development (`HUD') to provide *Page 2 
assistance payments for eligible parties pursuance to 42 USC Ch 8 § 1437f, commonly known as the HUD § 8 program." (Id.) Even though the subject property has been managed and operated by two for-profit companies and a non-profit organization, the subject property has been exempt from property taxation during PDC's ownership until tax year 2009-10. Plaintiff notes that because there was no change in ownership or use, "PDC was not required to make an annual exemption application," citing ORS 311.410. (Ptf's Reply to Def's Supplemental Mem at 2.) Defendant "asserts that there was no basis for exemption of the property in those years [2006, 2007 and 2008] the exemptions were placed on the roll in error." (Agreed Facts at 4.)
"On September 21, 2009 the Multnomah County Assessor determined that The Fairfield was not exempt from real property taxation for the 2009-10 tax year. On that date, the Assessor corrected the roll to make the property taxable for the 2009-10 tax year on September 21, 2009." (Id.) Plaintiff alleges that Defendant failed to give proper notice of the revocation of the subject property's exemption, stating that Plaintiff's receipt of its 2009-10 property tax statement was its first notice that the property was no longer exempt from taxation. (Ptf's Reply to Def's Supplemental Mem at 2.) Plaintiff alleges that ORS 311.216 through ORS 311.219 requires that when exempt property is added to the tax roll the property owner must be given an opportunity to challenge the assessor's determination prior to losing its exemption. (Id. at 3,4.) Defendant alleges that the subject property was not omitted from the tax roll and therefore ORS 311.612 is not applicable to the facts of this case. (Def's Supplemental Mem onPerkins v. Dept. of Rev. at 3.) Plaintiff states that this court inAssociated Computer Services, Inc. v. Dept. of Rev.,7 OTR 1 (1977) concluded that "[u]pon proper "disqualification,' previously exempt property is regarded as "omitted.'" (Ptf's Reply to Def's Supplemental Mem at 2.) *Page 3 
Plaintiff argues in the alternative that if the court concludes that notice was properly given then the subject property should be exempt because the subject property meets the statutory definition of property of a housing authority and PDC functions as the housing authority of The Fairfield, citing ORS 307.092. Defendant responds, stating that ORS 307.092 requires title to the property to be held as specified in ORS 307.092(1) and the subject property's ownership "in fee" by PDC does not meet the statutory requirements. (Def s Mot for Partial Summ J and Resp to Plaintiffs Opening Mem at 5-6.) Plaintiff additionally alleges that it has a valid claim of estoppel because the county determined in 2001 that the residential portion of the property was exempt with no similar exemption for the commercial portion of the subject property. (Ptf s Opening Mem at 11.) Subsequently, there was "[n]o rationale * * * provided for why this shift [revoking the exemption] was made nor why the County's administration of the exemption statutes was supposedly erroneous in 2001 and 2002 and 2007 and 2008. Making this more noteworthy was the conscious decision by the Assessor in 2001 to create an exemption for the Fairfield upon PDC's acquisition of ownership." (Id. (emphasis in original).) Defendant disagrees that estoppel is applicable to the facts of this case because there is nothing in the record to show that Plaintiff relied on a county official when deciding to purchase the subject property and there has been no showing that the reliance was to its detriment. (Def s Mot for Partial Summ J at 9-10.)
 II. ANALYSIS
Plaintiff raises two challenges in response to Defendant's decision to change the status of the subject property from exempt from property taxation to taxable. Plaintiff need only prevail on one of its two challenges to receive the relief it is requesting. *Page 4 
The court begins with Plaintiff's challenge that Defendant's notice, a 2009-10 property tax statement stating that the subject property was no longer exempt from property taxation, was not proper. The subject property has been exempt from taxation for more than nine years. There is no evidence stating the applicable statutory provision authorizing the exemption. The evidence in the record states that in September, 2009, Defendant concluded that the subject property should not be exempt.[2] This court has held that "an assessor who is convinced that in a prior year he had erroneously granted a statutory exemption through mistake of fact or law could utilize the [omitted property statutes] to redress the error." Georgia Pacific v. Dept. ofRev., 5 OTR 33, 36 (1972). Defendant argues that the omitted property statutes, ORS 311.216 through ORS 311.219, are not applicable because the subject property was "never omitted from the tax roll; it was on the 2008-09 tax roll, but was shown as exempt." (Def's Supplemental Mem ofPerkins v. Department of Revenue at 3.)
ORS 311.216(1)[3] provides in pertinent part that:
 "Whenever the assessor discovers or receives credible information, or if the assessor has reason to believe that any real or personal property including property subject to assessment by the Department of Revenue, or any building, structures, improvements or timber on land previously assessed without the same, has from any cause been omitted, in whole or in part, from assessment and taxation on the current assessment and tax rolls or on any such rolls for any year or years not exceeding five years prior to the last certified roll, the assessor shall give notice as provide in ORS 311.219."
Property omitted "from any cause" has been interpreted to "include a situation which turns on a mistake of law as well as a mistake of fact."Freightliner Corp. v. Dept. of Rev., 5 OTR 270, 275 (1973),6 OTR 70 (1975), aff'd on this issue. "Property may be deemed "omitted,' and added to the rolls under the authority of [ORS 311.216], as the result of a determination that such property *Page 5 
had been erroneously treated as exempt from taxation." Assoc. ComputerServ., Inc. v. Dept. of Rev., 7 OTR 1, 4 (1977). In this case, Defendant concluded that it "erroneously treated" the subject property "as exempt from taxation." Id. ORS 311.216 grants Defendant the authority to change the status of the subject property from exempt to taxable and to add the taxable value to the property tax rolls. Defendant cites no other statutory provision authorizing it to take the same action.
ORS 311.216 imposes a notice requirement described as follows in ORS 311.219:
 "Notice shall be given to the person claiming to own the property or occupying it or in possession thereof of the assessor's intention to add the property to the assessment or tax roll under ORS 311.216 to 311.232 and to assess the property in such person's name. * * * The notice shall be in writing, mailed to the person's last-known address. It shall describe the property in general terms, and require person to appear at a specified time, not less than 20 days after mailing the notice, and to show cause, if any, why the property should not be added to the assessment of tax roll and assessed to such person."
"ORS 311.219 requires the assessor to give the taxpayer notice and opportunity to show cause." Perkins v. Dept. of Rev.,15 OTR 381, 387 (2001). Merely sending a taxpayer a property tax statement showing a change in a property's status and a taxable value for the current tax year as was done in this case is "ineffective" notice. Id. Because the proper statutory notice was not given, Defendant's action to change the status of the subject property has no effect for tax year 2009-10.
 III. CONCLUSION
After careful consideration of the agreed facts and applicable law, the court concludes that Defendant failed to follow the statutory requirements in changing the status of the subject property for tax year 2009-10. Now, therefore, *Page 6 
IT IS THE DECISION OF THIS COURT that the residential portion of the subject property identified as Account R246179 was exempt from property taxation for tax year 2009-10.
Dated this ___ day of ___ 2011
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanneron February 28, 2011. The Court filed and entered this documenton February 28, 2011.
[1] On August 10, 2010, Defendant filed a document titled "Agreed Facts" attached to its Motion for Partial Summary Judgment and Response to Plaintiff's Opening Memorandum. That document was not signed by Plaintiff, although a copy was provided. Plaintiff has not objected to any of the facts set out in that document.
[2] Defendant "asserts that there was no basis for exemption of the property in those years [2006, 2007 and 2008] the exemptions were placed on the roll in error." (Agreed Facts at 4.)
[3] References to the Oregon Revised Statutes (ORS) are to 2007. *Page 1