LINCOLN TELEPHONE & TELEGRAPH COMPANY, APPELLANT,
v. JOHNSON COUNTY, APPELLEE.

FILED MARCH 1, 1918. No. 19924.

**Taxation:** VALUATION. Under a mandatory, unambiguous statute mak-
ing actual value the standard for the purposes of taxation, an
owner of taxable property cannot require a board of equalization
to value it at 75 per cent. of its actual value on the plea that taxing
officers generally conform to a custom to make such a reduction.
Rev. St. 1913, sec. 6300.

APPEAL from the district court for Johnson county:
JOHN B. RAPER, JUDGE. *Affirmed.*

*S. P. Davidson,* for appellant.

*Burkett, Wilson & Brown* and *Jay C. Moore,* contra.

ROSE, J.

The relief sought is a reduction, for the purposes
of taxation, in the valuation of plaintiff's personal
property in Johnson county. In the year 1915 the
property was valued at $172,225. Conceding that to be
the actual value for the purposes of this proceeding,
plaintiff asked the county board of equalization to
reduce it to 75 per cent. of its actual value. This de-
mand for a reduction is based on the plea that taxing
officers in Johnson county and in the state at large con-
form to an established custom to value property gen-
erally for the purposes of taxation at 75 per cent. of
its actual value. A mandatory statute in plain, unam-
biguous terms needing no interpretation requires the
valuing of taxable property at its actual value and
the assessing at 20 per cent. thereof. Rev. St. 1913,
sec. 6300. No officer or custom of officers can make 75
per cent. of actual value a lawful standard for the
purposes of taxation under the present revenue law.
If plaintiff has pleaded the facts as they exist, its
remedy is the valuing of all taxable property at 100

per cent. of its actual value, and not a reduction to 75 per cent. of the actual value of its own property.

The judgment of the district court conforms to this view of the law.

AFFIRMED.

SEDGWICK and HAMER, JJ., not sitting.