## SIOUX CITY BRIDGE COMPANY v. DAKOTA COUNTY, NEBRASKA.

CERTIORARI TO THE SUPREME COURT OF THE STATE OF NEBRASKA.

No. 105. Argued November 20, 1922.—Decided. January 2, 1923.

1. Intentional and arbitrary assessment of the property of one owner for taxation at its true value, in accordance with the state constitution and laws, while all other like property is systematically assessed much lower, is a violation of the equal protection of the laws. P. 445.
2. The owner aggrieved by this discrimination is entitled to have his assessment reduced to the common level, since by no judicial proceeding can he compel reassessment of the great mass of such property at its true value as the law requires. P. 446.
3. Mere errors of judgment in fixing an assessment do not support a claim of discrimination; there must be in effect an intentional violation of the principle of practical uniformity. P. 447.

105 Neb. 843, reversed.

CERTIORARI to a judgment of the Supreme Court of Nebraska, affirming a judgment of a lower court which dismissed an appeal from action of a board of equalization, fixing an assessment for taxation.

*Mr. F. W. Sargent*, with whom *Mr. Wymer Dressler* and *Mr. R. N. Van Doren* were on the briefs, for petitioner.

*Mr. R. A. Van Orsdel*, with whom *Mr. George W. Leamer* and *Mr. J. W. McGan* were on the brief, for respondent.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

This case is here by writ of certiorari to the Supreme Court of Nebraska. The question is whether the taxing authorities of the State of Nebraska and of Dakota County in assessing taxes against the petitioner, the Sioux

City Bridge Company, upon that part of its bridge across the Missouri River at South Sioux City, which is in the jurisdiction of Nebraska, deprived the Bridge Company of due process of law and denied it the equal protection of the laws in violation of the Fourteenth Amendment.

For a number of years before 1918, the Bridge Company had returned the Nebraska part of the bridge for taxation at $600,000. In that year the assessor of Dakota County sent the blank return to the Bridge Company as usual, but the Bridge Company sent back the proposed return, refusing to sign, and insisting that the valuation was too high. The assessor then returned the bridge at $600,000 as formerly. The Bridge Company appealed to the Board of Equalization of the county. Only the counsel for the Bridge Company and for the city of South Sioux City appeared. No witnesses were called and nc evidence produced, but the Board of Equalization, on the appeal of the Bridge Company for reduction, raised the assessment above that of the assessor $100,000. From this ruling an appeal was taken to the District Court of Dakota County for relief against the action of the Board of Equalization on the ground that the valuation was excessive, was without evidence and arbitrary, that it violated the constitution of the State requiring a uniformity of taxing burdens, and that it deprived the Bridge Company of due process and equal protection of the law as forbidden by the Fourteenth Amendment.

Seventy-four per cent. of the total value of the bridge is in Dakota County, Nebraska, and twenty-six per cent. is in Iowa. The original cost of the bridge was $941,000, but some wooden trestles in the original construction were taken out and steel substituted and this increased the original cost to $1,022,000. The bridge was built in 1888. Since 1907 it has been under lease to two railroads and jointly they maintain the bridge, pay the taxes and 8 per cent. on the original cost of $945,800. The leases are

short-time leases because the bridge while in good repair is too light for modern traffic and can only be used under burdensome and expensive restrictions. One of the railroad companies has made soundings for a new bridge. The engineers report the existing bridge to be totally out of date and estimate a depreciation in its value on this account of $300,000 from its original cost. The same witnesses testified that to build the bridge just as it was would cost at present prices from $1,300,000 to $1,500,000, but that it would be most foolish to build a bridge of that old type now.

A tax commissioner of one of the lessee railroads, with long experience in taxation and valuation, testified that from an examination of the sales of real estate as shown by deeds of record in Nebraska and in Dakota County and the tax list, the acre property in Dakota County was assessed at 55.70 per cent. of its value, that improvements in city property were assessed at 49.29 per cent. of their selling value, and had been so assessed for seven years. The county assessor thought such sales were not best evidence of true value in money and denied that there was any attempt to value at less than such value.

The District Court held the reasonable value of the bridge in Nebraska to be more than $700,000 as assessed and dismissed the appeal. It made no finding upon the issue as to whether there was an undervaluation of other real estate and improvements in Dakota County or the State and did not refer to it.

The Bridge Company carried the case on appeal to the Supreme Court. That court found from the evidence that $700,000 as the true value was not so manifestly wrong that it was justified in disturbing the assessment.

Taking up the objection that the real property and improvements were undervalued in Dakota County, the court said:

" It is finally urged that this court should reduce the true value of the bridge as found by the court to 55

per cent. of such value, for the reason that other property in the district is assessed at 55 per cent. of its true value, and that it would be manifestly unjust to appellant to assess its property at its true value while other property in the district is assessed at 55 per cent. of its value.

" While undoubtedly the law contemplates that there should be equality in taxation, we are of the view that the plan of equalization proposed by appellant is not the proper remedy. The rule is now settled by a recent decision of this court that when property is assessed at its true value, and other property in the district is assessed below its true value, the proper remedy is to have the property assessed below its true value raised, rather than to have property assessed at its true value reduced. *Lincoln Telephone & Telegraph Co.* v. *Johnson County,* 102 Neb. 254. In the argument of appellant the soundness of this ruling is assailed, and authorities in other jurisdictions are cited which seem at variance with our holding. We are not willing, however, to recede from the rule of that case."

Section 1, Article IX, of the Constitution of Nebraska, contains the following:

" The Legislature shall provide such revenue as may be needful, by levying a tax by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property and franchises, the value to be ascertained in such manner as the Legislature shall direct. . . ."

Section 6300 of the Revised Statutes of Nebraska, 1913, provides:

"All property in this state not expressly exempt therefrom shall be subject to taxation, and shall be valued at its actual value which shall be entered opposite each item and shall be assessed at twenty per cent. of such actual value. Such assessed value shall be entered in separate column opposite each item, and shall be taken

and considered as the taxable value of such property, and the value at which it shall be listed and upon which the levy shall be made. Actual value as used in this chapter shall mean its value in the market in the ordinary course of trade."

In the case of *Sunday Lake Iron Co.* v. *Wakefield,* 247 U. S. 350, 352, 353, this Court said:

" The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents. And it must be regarded as settled that intentional systematic undervaluation by state officials of other taxable property in the same class contravenes the constitutional right of one taxed upon the full value of his property. *Raymond* v. *Chicago Union Traction Co.,* 207 U. S. 20, 35, 37." Analogous cases are *Greene* v. *Louisville & Interurban R. R. Co.,* 244 U. S. 499, 516, 517, 518; *Cummings* v. *National Bank,* 101 U. S. 153, 160; *Taylor* v. *Louisville & Nashville R. R. Co.,* 88 Fed. 350, 364, 365, 372, 374; *Louisville & Nashville R. R. Co.* v. *Bosworth,* 209 Fed. 380, 452; *Washington Water Power Co.* v. *Kootenai County,* 270 Fed. 369, 374.

The charge made by the Bridge Company in this case was that the State, through its duly constituted agents, to wit, the county assessor and the County Board of Equalization, improperly executed the constitution and taxing laws of the State and intentionally and arbitrarily assessed the Bridge Company's property at 100 per cent. of its true value and all the other real estate and its improvements in the county at 55 per cent.

The Supreme Court does not make it clear whether it thinks the discrimination charged was proved or not, but assuming the discrimination, it holds that the Bridge Company has no remedy except " to have the property

assessed below its true value raised, rather than to have
property assessed at its true value reduced." The di-
lemma presented by a case where one or a few of a class
of taxpayers are assessed at 100 per cent. of the value
of their property in accord with a constitutional or stat-
utory requirement, and the rest of the class are inten-
tionally assessed at a much lower percentage in violation
of the law, has been often dealt with by courts and
there has been a conflict of view as to what should be
done.   There is no doubt, however, of the view taken
of such cases by the federal courts in the enforcement of
the uniformity clauses of state statutes and constitutions
and of the equal protection clause of the Fourteenth
Amendment.   The exact question was considered at
length by the Circuit Court of Appeals of the Sixth Cir-
cuit in the case of *Taylor* v. *Louisville & Nashville R. R.
Co.*, 88 Fed. 350, 364, 365, and the language of that court
was approved and incorporated in the decision of this
Court in *Greene* v. *Louisville & Interurban R. R. Co.*,
244 U. S. 499, 516, 517, 518.   The conclusion in these
and other federal authorities is that such a result as that
reached by the Supreme Court of Nebraska is to deny
the injured taxpayer any remedy at all because it is
utterly impossible for him by any judicial proceeding to
secure an increase in the assessment of the great mass of
under-assessed property in the taxing district.   This
Court holds that the right of the taxpayer whose prop-
erty alone is taxed at 100 per cent. of its true value is to
have his assessment reduced to the percentage of that
value at which others are taxed even though this is a
departure from the requirement of statute.   The con-
clusion is based on the principle that where it is impos-
sible to secure both the standard of the true value, and
the uniformity and equality required by law, the latter
requirement is to be preferred as the just and ultimate
purpose of the law.   In substance and effect the decision

of the Nebraska Supreme Court in this case upholds the violation of the Fourteenth Amendment to the injury of the Bridge Company. We must, therefore, reverse its judgment.

But we construe the action of the court not to be equivalent to a finding that such intentional discrimination existed between the valuation of the Bridge Company's property and that of all other real property and improvements in the county, but rather a ruling that even if it did exist, the Bridge Company must continue to pay taxes on a full 100 per cent. valuation of its property. It was on the same principle, doubtless, that the District Court ignored the issue of discrimination altogether. It is therefore just that upon reversal we should remand the case for a further hearing upon the issue of discrimination, inviting attention to the well-established rule in the decisions of this Court, cited above, that mere errors of judgment do not support a claim of discrimination, but that there must be something more—something which in effect amounts to an intentional violation of the essential principle of practical uniformity. *Sunday Lake Iron Co.* v. *Wakefield,* 247 U. S. 350, 353.

> *The judgment of the Supreme Court of Nebraska is reversed and the case is remanded for further proceedings not inconsistent with this opinion.*