SIOUX CITY BRIDGE COMPANY, APPELLANT, V. DAKOTA COUNTY, APPELLEE.

FILED JULY 9, 1923.   No. 21252.

1. **Decisions Overruled.** Following the decision of the supreme court of the United States in *Sioux City Bridge Co. v. Dakota County*, 260 U. S. 441, principles of law announced in the third paragraph of the syllabus of this same case in 105 Neb. 843, and in *Lincoln Telephone & Telegraph Co. v. Johnson County*, 102 Neb. 254, are overruled.

2. **Appeal:** ERRONEOUS THEORY OF LAW. Where it appears that in the district court an equity case was tried on the wrong theory of the law, this court, in the exercise of its discretion and in the interest of justce, may remand the case with permission to introduce further evidence based upon the proper theory of the law.

APPEAL from the district court for Dakota county: GUY T. GRAVES, JUDGE. *Remanded for new trial.*

*Jesse L. Root* and *Wymer Dressler,* for appellant.

*George W. Leamer* and *Gaines, Van Orsdel & Gaines,* contra.

Heard before LETTON, ROSE, ALDRICH, and DAY, JJ., REDICK, District Judge.

PER CURIAM.

The assessor of Dakota county, for the year 1918, fixed the actual value of the Sioux City Bridge Company's bridge, or that part of it assessable in Nebraska, at $600,-000.   On appeal by the bridge company to the board of equalization, on complaint that the assessment was excessive, the value was increased to $700,000.   Thereupon the bridge company took an appeal to the district court, where

upon a trial a judgment was entered affirming the findings of the board of equalization. On appeal by the bridge company to this court, the judgment of the district court was affirmed, our opinion being found in 105 Neb. 843, where the facts upon which the opinion is based are fully set forth. Upon the trial in the district court, as well as on the appeal in this court, two main grounds were presented by the bridge company for a substantial reduction of the value of its property as found by the assessor: First, that the valuation placed upon the bridge company's property was excessive; and, second, that the valuation placed on the property was inequitable and not in proportion to the value placed upon other property in the district; that the value of the bridge property was fixed at more than 100 per cent. of its true value, while the value of other property in the district was fixed at 55 per cent. of its true value; that by so doing the bridge company has been deprived of due process and equal protection of the law as forbidden by the Fourteenth amendment to the Constitution of the United States. In our former opinion we reviewed the facts bearing upon the question of the value of the bridge, and came to the conclusion that the findings of the board of equalization on that issue were not so manifestly wrong as to warrant the court in disturbing them. With reference to the objection that the other property in the district was undervalued, which resulted in an unlawful discrimination against the bridge company, we said:

"It is finally urged that this court should reduce the true value of the bridge as found by the court to 55 per cent. of such value, for the reason that other property in the district is assessed at 55 per cent. of its true value, and that it would be manifestly unjust to appellant to assess its property at its true value while other property in the district is assessed at 55 per cent. of its value. While undoubtedly the law contemplates that there should be equality in taxation, we are of the view that the

plan of equalization proposed by appellant is not the proper remedy. The rule is now settled by a recent decision of this court that when property is assessed at its true value, and other property in the district is assessed below its true value, the proper remedy is to have the property assessed below its true value raised, rather than to have property assessed at its true value reduced. *Lincoln Telephone & Telegraph Company v. Johnson County,* 102 Neb. 254. In the argument of appellant the soundness of this ruling is assailed, and authorities in other jurisdictions are cited which seem at variance with our holding. We are not willing, however, to recede from the rule of that case."

The case was then taken on a writ of certiorari to the supreme court of the United States, where our judgment is reviewed. *Sioux City Bridge Co. v. Dakota County,* 260 U. S. 441. The opinion in that case is apparently satisfied with our conclusions on the question of the value of the bridge company's property.

In discussing the question raised by the bridge company that there had been an unlawful and intentional discrimination against it, by an undervaluation of other property in the district, the United States supreme court, after quoting from our opinion the matter above quoted, and citing authorities, said:

"The charge made by the bridge company in this case was that the state, through its duly constituted agents, to wit, the county assessor and the county board of equalization, improperly executed the Constitution and taxing laws of the state, and intentionally and arbitrarily assessed the bridge company's property at 100 per cent. of its true value, and all the other real estate and its improvements in the county at 55 per cent.

"The supreme court does not make it clear whether it thinks the discrimination charged was proved or not, but, assuming the discrimination, it holds that the bridge company has no remedy except 'to have the property as-

sessed below its true value raised, rather than to have property assessed at its true value reduced.' The dilemma presented by a case where one or a few of a class of taxpayers are assessed at 100 per cent. of the value of their property, in accord with a constitutional or statutory requirement, and the rest of the class are intentionally assessed at a much lower percentage, in violation of the law, has been often dealt with by courts, and there has been a conflict of view as to what should be done."

The supreme court then say: "This court holds that the right of the taxpayer whose property alone is taxed at 100 per cent. of its true value is to have his assessment reduced to the percentage of that value at which others are taxed, even though this is a departure from the requirement of statute."         o

That court then say: "But we construe the action of the court (Nebraska supreme court) not to be equivalent to a finding that such intentional discrimination existed between the valuation of the bridge company's property and that of all other real property and improvements in the county, but rather a ruling that, even if it did exist, the bridge company must continue to pay taxes on a full 100 per cent. valuation of its property."

The United States supreme court has correctly interpreted our decision. Our theory was that the bridge company should have made complaint before the board of equalization of the inequality of valuation between its property and other property in the district, and asked that other property be raised. It was on this same principle, no doubt, that the district court failed to pass upon the issue of discrimination.

The supreme court then say: "It is therefore just that, upon reversal, we should remand the case for a further hearing upon the issue of discrimination, inviting attention to the well-established rule in the decisions of this court, cited above, that mere errors of judgment do not support a claim of discrimination, but that there must be something more, something which, in effect, amounts to

an intentional violation of the essential principle of practical uniformity."

We have been asked by both sides to pass upon the issue of discrimination on the record before us.

It was evidently the theory of the trial court that testimony on the issue of discrimination was immaterial under our former ruling in *Lincoln Telephone & Telegraph Co. v. Johnson County*, 102 Neb. 254. The bridge company undertook to establish its claim of undervaluation of other property by introducing testimony based upon an examination of the deed record in Dakota county. The consideration named in certain deeds was taken as indicative of the value of the real estate. The assessed value of the same property was then taken, and from a large number of such comparisons a percentage was worked out which indicated to the mind of the witness that the real estate in the county was assessed at 55.70 per cent. of its value. The witness admitted that in making his calculations he did not take into consideration all of the deeds, but only those which in his judgment presented a reasonable proportion between the consideration named and the assessed value. While this method, no doubt, is entitled to probative force, it is manifest that it is not conclusive and is subject to many imperfections. It is a matter of common knowledge that many sales are based on trades in which the consideration is inflated. The true test in all cases is to arrive at the fair value of the property.

On the issue of discrimination in the district court, the defendant obviously relied on the doctrine previously announced by this court in *Lincoln Telephone & Telegraph Co. v. Johnson County*, 102 Neb. 254, to the effect that the relief sought by the bridge company required the raising of the value of other property, rather than the reduction of the value of the bridge company's property. The trial court evidently so held, and in that view of the law the defendant in meeting the issue did not go extensively into proof of the value of specific property upon

which the bridge company relied to form the basis of its calculations tending to show discrimination.

Under the different rule announced by the supreme court of the United States, it seems just that the defendant county and the taxpayers generally should have an opportunity to offer further testimony. ·

While it might be inconvenient, it is not impossible to prove the value of any particular piece of property by calling witnesses who are competent to testify on that question. The assessor did testify that it was his aim and 'purpose to place fair value upon all of the property. With reference to a few instances named by the witness for the bridge company where the assessment was about one-half of the consideration named in the deed, the assessor gave good reason for the apparent discrepancy, stating in one instance that the land had been washed away by the river.

Without going into detail, we have concluded that, in the interest of justice, the case should be remanded to the district court for a retrial upon the issue of discrimination.

REMANDED FOR FURTHER PROCEEDINGS.