WILLIAM GASTON
*vs.*
HARLAND A. TOWNSEND, CLINTON K. SMITH AND
L. GRANT DUELL, TAX ASSESSORS FOR THE
TOWN OF VINALHAVEN

Knox.    Opinion, November 18, 1954.

*Jerome C. Burrows*, for plaintiff.

*Stuart C. Burgess*, for defendant.

SITTING: WILLIAMSON, TIRRELL, WEBBER, BELIVEAU, TAPLEY, JJ., THAXTER, A.R.J.    FELLOWS, C. J., did not sit.

THAXTER, A.R.J. This is an appeal from a decision of the tax assessors for the Town of Vinalhaven refusing to abate certain taxes of the plaintiff who is a resident of New Canaan, Connecticut. The case was tried in the County of Knox by a judge of the Superior Court acting under a rule of reference dated May 28, 1953. Objections were filed to the acceptance of the referee's report. On their being overruled, exceptions were taken to this court April 15, 1954. These exceptions are now before us.

The case involves the assessment on certain land and buildings, and furniture, at Vinalhaven in the County of Knox, and minor items such as the assessments on three small rowboats, a canoe, and a 40 yr. old sailboat. The amount of the assessment was $7,318.00 and the tax amounted to $665.94.

It is typical island property somewhat in a state of disrepair and depreciation. It is undoubtedly very beautiful property as most of such Maine properties are.

The plaintiff filed with the local tax assessors a list of all his properties in the Town of Vinalhaven with a statement of what he thinks the assessment should be on each separate parcel. He was not required to give an estimate of values but it does no harm to have done so. It is nothing more than showing his judgment of their worth. If there were some testimony in the case as to what the owner thought the value of these properties was, it might be of consequence, but there was no such testimony. There was testimony giving the opinion of real estate experts as to values, and as to sales of supposedly comparable properties. Such evidence is not decisive. Evidence of sales does not indicate that the assessment was necessarily exorbitant. It was a question for the trier of fact and he has found for the defendants on that point. The question really is not simply whether the tax imposed is too high but whether the assessors who have a very serious public duty to perform have not done their

duty, and have deliberately forced the plaintiff to pay more than his just share of the tax burden. 51 Am. Jur. 667; *Sweet* v. *City of Auburn*, 134 Me. 28. There is absolutely no evidence that such is the case.

The proving of a mere error of human judgment will not support a claim of overrating. The rule to guide the assessors of the Town of Vinalhaven, so pertinently pointed out by the plaintiff in his own brief, is well stated by Chief Justice Taft in *Sioux City Bridge Company* v. *Dakota County*, 260 U. S. 441, at page 447, that "there must be something more—something which in effect amounts to an intentional violation of the essential principle of practical uniformity."

There is absolutely no evidence to sustain the plaintiff's contention on this point. The assessors did their full duty.

*Exceptions overruled.*