Thomas T. HOPKINS and Janet S. Hopkins, Appellants,

v.

Benny C. ODOM, Collector, Respondent.

No. WD 31473.

Missouri Court of Appeals, Western District.

June 30, 1981.

Robert Ernest Gould, Kansas City, for appellants.

Joseph A. Hamilton, Pleasant Hill, and William N. Marshall, Harrisonville, for respondent.

Before KENNEDY, P. J., and SHANGLER and SOMERVILLE, JJ.

KENNEDY, Presiding Judge.

Plaintiffs Hopkins brought this action for the refund of 1977 and 1978 real estate taxes paid under protest, § 139.031, RSMo 1978, upon an 80-acre tract owned by them in Cass County.[1] The basis for the claim is that agricultural property in Cass County was generally assessed for those years at a valuation of $55.50 per acre throughout the county, whereas their 80-acre tract was assessed at $125 per acre.

We have determined *sua sponte* that we have jurisdiction because the case involves the application, not the construction, of a revenue law. Mo.Const. Art. V, § 3; *Hermel, Inc. v. State Tax Commission*, 564 S.W.2d 888 (Mo. banc 1978).

The case was tried to the court sitting without a jury and the court entered judgment for defendant. The plaintiffs have appealed. We have finely sifted the evidence in the case and believe that plaintiffs made out a case for the requested relief. We therefore reverse the judgment of the trial court and remand for a new judgment after calculating the exact sum to which the plaintiffs are entitled.

The following facts may be gleaned from the evidence:

The plaintiffs are the owners of a certain 80-acre tract of agricultural property, located in Cass County, Missouri, which they have owned since sometime prior to 1973. It was stipulated that in 1974 all Cass County real estate not located within a municipality was assessed at a value of $50 per acre regardless of the number or amount of improvements or buildings located on said real estate. In 1975, that figure was increased to $55.50 per acre. Improvements

made on the property prior to 1973 were disregarded in the assessment. However, where buildings or improvements had been made on the property in 1973 and thereafter through the year 1976, the real estate was assessed at its true value. Plaintiffs' 80-acre tract was among those on which an improvement had been made in 1973—in their case, a 1,450 square foot house, erected at a cost of $23,000. When plaintiffs' property was first assessed at $10,000 is not shown, but it was assessed at that valuation for 1975 and 1976, and also for the two years in question here, 1977 and 1978.

For the earlier years of 1975 and 1976, plaintiffs paid their taxes under protest, filed suit for their recovery in the Circuit Court of Cass County, and were successful in securing judgment for the same. That case was submitted upon a written stipulation of facts.

At the beginning of the trial of the present action for the refund of the 1977 and 1978 taxes, plaintiffs offered in evidence the stipulation of facts prepared for the earlier suit, the one for the 1975 and 1976 taxes. The defendant agreed to the admission of the stipulation "for whatever relevancy it might have".

Essential parts of plaintiffs' case are supplied by the written stipulation of facts. The record presents us with two questions about the stipulation. The first question is whether the situation described in the stipulation, that is, the practice of assessing agricultural land generally at the valuation of $50 (in 1974) or $55.50 (in 1975 and later years) per acre generally, while similar lands with improvements made in 1973 and thereafter were assessed at their true value, still obtained for the years 1977 and 1978, the years in question in the present case. While the testimony of the Cass County assessor, Mr. Collins, is extremely vague and evasive, and awkwardly elicited by plaintiff Hopkins, still it is inescapable from his testimony that the practice described in

1. Whether plaintiffs have an efficacious administrative remedy and if so whether they have exhausted the same has not entered into this case at any point. See *Peck's Products Co. v. Bannister*, 362 S.W.2d 596 (Mo.1962), *C & D Investment Co. v. Bestor*, No. 60679, Slip Opinion (Mo. February 9, 1981).

the stipulation has remained unchanged for the years 1977 and 1978.

Much of the respondent's brief is directed at removing from consideration the stipulation of facts. Respondent makes the following arguments: He says that the stipulation was "not binding on the parties by reason of the fact that it was waived by introduction of evidence pertaining to its contents". Defendant cites *Crecelius v. Chicago, M. & St. P. Ry. Co.*, 274 Mo. 671, 205 S.W. 181 (Mo. banc 1918). In that case, however, each party without objection from the other had introduced evidence in corroboration of a certain stipulation of facts and in contradiction thereto, totally disregarding the stipulation. Both parties during the trial treated the stipulation as not binding on the other, and the Supreme Court of Missouri held the stipulation not to be binding upon either party. That is not the case before us. All of the evidence introduced supplemented the stipulation and in no wise contradicted it. There is nothing in this case to show a "waiver" of the stipulation which would entitle the court to disregard it.

Next the respondent says that the stipulation was a nullity because it is "unclear and ambiguous". The respondent argues in particular that paragraph 4 of the stipulation, which is the critical portion thereof, is "utterly confusing, rendering its meaning incomprehensible". We do not agree with respondent on that point. It is no model of lucid prose, but it is understandable. We have copied it into the margin.[2]

The facts presented by the evidence bring the case within the principle of *Breckenridge Hotels Corp. v. Leachman*, 571 S.W.2d 251 (Mo. banc 1978), which decision was based upon *Sioux City Bridge Co. v. Dakota County, Nebraska*, 260 U.S. 441, 445–447, 43 S.Ct. 190, 191–92, 67 L.Ed. 340 (1923). *See also C & D Investment Co. v. Bestor*, supra. The principle may be stated as follows: Where property of a certain kind—in our case, agricultural land—is generally assessed at a uniform level—in our case $55.50 per acre; the plaintiffs' property is one, or one of a few, which is taxed at a higher level—in our case at $125 per acre; then the discrimination against plaintiffs' property violates the Fourteenth Amendment to the Constitution of the United States and Article I, Sec. 10 of the Constitution of Missouri, and also Article X, Sec. 3 of the Missouri Constitution. In such a case the property owner whose property is discriminated against is entitled to have his valuation reduced to that generally prevailing for property of like kind. The application of this principle entitles the plaintiffs to a refund of taxes paid on their 80-acre tract in excess of the taxes produced by an assessed valuation of $55.50 per acre.

It does not aid the county to show that the assessed valuation of the plaintiffs' property is in accordance with statute. The assessed valuation of $125 per acre is actually less than the statutory standard of one-third of its true value in money fixed by § 137.115, RSMo 1978, for the true value of plaintiffs' land would be somewhere between $750 to $1,500 per acre. As the Supreme Court of the United States said in *Sioux City Bridge Co.*, supra, 260 U.S. at 446, 43 S.Ct. at 192: "This court holds that the right of the taxpayer whose property alone is taxed at 100 percent of its true

2. Paragraph 4 of the stipulation reads as follows: "That prior to 1974 there was no uniform system of assessing real property in Cass County which was not located in a municipality. That in 1974 a uniform system of assessing real property in Cass County was adopted and put into effect. In 1974, all real estate not located within a municipality was assessed at a value of $50.00 per acre regardless of the number or amount of improvements or buildings located on said real estate. In 1975, all property in the county was assessed at an increased level of $55.50 per acre. Once again, the property was assessed regardless of whether or not improvements existed on the property. For the years 1974 and thereafter, assessments of farm property not within a municipality was assessed without regard or consideration of any buildings or improvements which had not been made on the property prior to 1973. Assessments on all real estate not within a municipality were assessed at true value on real estate which had buildings or improvements which had been made during the year 1973 or thereafter."

value is to have his assessment reduced to the percentage of that value at which others are taxed even though this is a departure from the requirement of statute. The conclusion is based on the principle that where it is impossible to secure both the standard of the true value, and the uniformity and equality required by law, the latter requirement is to be preferred as the just and ultimate purpose of the law".

As we read the evidence and as we read the trial court's findings of fact and conclusions of law, there is no factual dispute here to be resolved by the trial court, involving the weighing of conflicting evidence and the credibility of witnesses. The evidence, all of which was offered by plaintiffs, was credited by the trial court but was simply deemed insufficient to make out a case for relief. We have determined the evidence was sufficient, and that the judgment is the result of an erroneous application of the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

We therefore reverse the judgment of the trial court and remand the same for the calculation of the amount of the tax refund to which plaintiffs are entitled. We do not know the tax rate to be applied to the corrected assessed valuation of $4,440 (80 acres multiplied by $55.50 per acre), but the trial court may compute that upon the basis of additional evidence and enter judgment for the plaintiffs for the correct amount.

All concur.