22392

OWEN STEEL COMPANY, INC., Owen Supply Company, Inc., Owen Electric Steel Company of South Carolina, Owen Industrial Products, Inc., Owen Joist Corporation, Owen Miscellaneous Metals, Inc. and South Carolina Steel Corporation, Appellants, v. SOUTH CAROLINA TAX COMMISSION, John T. Weeks as Chairman, Charles N. Plowden and S. Hunter Howard, Jr., as Commissioners, and constituting the South Carolina Tax Commission; and South Carolina Tax Board of Review, John W. Foster as Chairman, Isadore Bogoslow, Margaret R. Diggs, Vance B. Drawdy, Paul Hemphill, John C. B. Smith and Ronnie L. Smith, as Members, and constituting the South Carolina Tax Board of Review, Respondents.

(337 S. E. (2d) 880)

Supreme Court

*Terrell L. Glenn, Theodore J. Hopkins, Jr.,* and *Robert E. Stepp* of *McNair, Glenn, Konduros, Corley, Singletary, Porter & Dibble,* Columbia, *for appellants.*

*Atty. Gen. T. Travis Medlock, Deputy Atty. Gen. Joe L. Allen, Jr.,* and *Asst. Atty. Gen. Ronald W. Urban,* Columbia, *for respondents.*

Heard Oct. 7, 1985.

Decided Oct. 25, 1985.

CHANDLER, Justice:

Appellants contend that evaluations and assessments placed upon their manufacturing plants by the South Carolina Tax Commission are discriminatory and constitutionally prohibited.

We disagree, and affirm the order of the Circuit Court sustaining an order of the South Carolina Tax Board of Review.

The order of Circuit Judge Walter J. Bristow, Jr. properly disposes of all the issues and is adopted.

ORDER OF CIRCUIT JUDGE WALTER J. BRISTOW, JR.

DATED AUGUST 23, 1983

This appeal, brought pursuant to the Administrative Procedures Act, Sec. 1-23-310, *et seq.,* is from an order of the S. C. Tax Board of Review (Board) sustaining a finding of the S. C. Tax Commission (Commission). This court is empowered by Sec. 1-23-380(g) to

"... affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;

(5) Clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

This case was assigned to me by the Chief Judge for Administrative Purposes and came before me for hearing on June 24, 1983.

Petitioners are manufacturers with plants in Richland, Lexington and Greenville Counties. As such, their property is valued and assessed for *ad valorem* property taxation purposes by the Commission pursuant to Sec. 12-3-140(17). The Commission, through its Property Tax Division, proposed appraised and assessed values for petitioners' property for 1981. Petitioners timely appealed the Division's proposed assessment to the Commission.

Petitioners alleged before the Commission that the Commission had, in violation of constitutional and statutory provisions, systematically and intentionally assessed their property at fair market value while local assessing authorities (counties) assessed other real property at percentages of fair market value below the minimum level required by statute and Tax Regulation 117-115. They requested that the Commission equalize the proposed appraised and assessed values by reducing them to reflect the same proportion of fair market value as real property assessed by counties.

The Commission, while acknowledging that "certain real property that is assessed by the assessors of the respective counties is valued at less than fair market value" concluded that petitioners' property was taxed as equitably and uniformly as possible and refused to grant the requested relief.

On appeal to the Board pursuant to Sec. 12-5-50, the Board sustained the Commission's findings. From that order this appeal was perfected.

The crux of this appeal is whether it is constitutionally and statutorily permissible to tax certain classes of property (those assessed by the Commission) on a valuation and assessment that is a reasonable approximation of fair market value while other classes of property (those assessed by

various counties) are taxed on a valuation and assessment that may be substantially less than fair market value. After carefully considering the voluminous record in this case together with the exhibits, pleadings, statutes and case law, I conclude that it is.

S. C. Constitution Art. III, Sec. 29 mandates that "All taxes upon property, real and personal, shall be laid upon the actual value of the property taxed, as the same shall be ascertained by an assessment made for the purpose of laying such tax." S. C. Constitution, Art. X, Sec. 1 requires that the "assessment of all property shall be equal and uniform in . . . (certain) . . . classifications." Similarly, Sec. 12-37-930 provides that "All property shall be valued for taxation at its true value in money . . ."

S. C. Constitution Art. X, Sec. 1, provides that the General Assembly may provide for the *ad valorem* taxation by the State or any of its subdivisions of all real and personal property. It then sets up eight classifications of property. It is provided that the assessment of all property shall be "equal and uniform" in those classifications. Through various statutes and regulations, in 1981 property in six of those eight classifications was either valued directly by the Commission or by regulations established by the Commission. It appears from reliable, probative and substantial evidence on the whole record that the property in those six categories has consistently been, and was in 1981, appraised and assessed at fair market value (or at least a reasonable approximation thereof).

The two exceptions to the above statement are those classifications of (1) legal residence [Art. X, Sec. 1(3)] and (2) "all other" real property not specially classified [Art. X, Sec. 1(5)]. These two classifications of property were in 1981 appraised and assessed by the counties in which the property was situated.

Pursuant to Act 208 of 1975, Act 163 of 1977, and Regulation 117-115, the Commission has made what are called "ratio studies" of every county and school district in the State. Appraisal or assessment ratio is the fractional relationship which an appraised or assessed value bears to the market value of the property in question. These ratio studies indicate that the median percentage of value on which the

real property appraised and assessed by the counties was 45% for Richland County, 69.2% for Lexington County, and 40.8% for Greenville County.

Ignoring the ancient maxim that "two wrongs do not make one right" [Cheale, *Proverbial Folklore* (1875)], petitioners request that their individual situation be remedied, not by requiring the incorrect assessments by the counties to be increased to fair market value, but by requiring the admittedly correct and constitutional assessments by the Commission to be reduced to the incorrect and unconstitutional median percentages assessed by the respective counties.

There is respectable (petitioners say controlling) authority for this position. The Supreme Court of the United States in *Sioux City Bridge Co. v. Dakota County, Nebraska*, 260 U.S. 441, 446, 43 S. Ct. 190, 192, 67 L. Ed. 340 (1923), expressly held:

> "This court holds that the right of a taxpayer whose property alone is taxed at 100 percent of its true value is to have his assessment reduced to the percentage of that value at which others are taxed, even though this is a departure from the requirement of statute. The conclusion is based on the principle that where it is impossible to secure both the standard of the true value, and the uniformity and equality required by law, the latter requirement is to be preferred as the just and ultimate purpose of the law."

See also *Cummings v. Merchants' Nat. Bank*, 101 U. S. 153, 11 Otto 153, 25 L. Ed. 903 (1880); *Greene v. Louisville and Interurban R. Co.*, 244 U. S. 499, 37 S. Ct. 673, 61 L. Ed. 1280 (1917).

However, each case must bottom on its own facts. In this case, as previously indicated, petitioners claim that the values of their property should be reduced to the median percentage of value of property assessed by the respective counties. This claim ignores the fact that, as in any median figure, there are some properties taxed at a higher figure than the median and some at a lower. Without going into detail, there is reliable, probative, and substantial evidence in the record that in each of the counties in question there

were some properties assessed at substantially lower than the median rate and some at substantially higher than the median rate. The evidence indicates that some properties were taxed by these counties at 100%, and even 110% and above, of true value.

In other words, rather than indicating a systematic and intentional undervaluation of property by the counties, these ratio studies really indicate how rapidly equalization programs erode. The Commission found, and the findings are supported by reliable, probative and substantial evidence, that there has been no intentional failure of the counties to reassess the property under their jurisdiction and that in each of the counties the property is being assessed as equally and uniformly as possible.

In fairness, it must be admitted that petitioners apparently do not complain of any systematic and intentional undervaluation by the counties but rather of the systematic and intentional actions of the Commission in assessing petitioners' properties at 100% of fair market value while knowing that the counties were assessing property at lesser percentages. While neither the Commission nor the Board made any express finding on this point, it is implicit in the decision of the Commission that, since the Commission found that the counties were assessing as equally and uniformly as possible, that there was no intentional violation of petitioners' rights by the Commission. Stated differently, since the Commission found that the counties were doing their best to do their job, it should do its best to do its job.

The Commission also found, which finding is likewise supported by reliable, probative and substantial evidence, that the majority of the assessed value of all taxable property within the three counties in question was represented by property in the six categories valued directly by the Commission or by regulations established by the Commission. Reliable, probative and substantial evidence indicates that all of such property is taxed in similar proportion of value as in the property of petitioners. In other words, property that is valued and assessed at less than true market value (or a reasonable approximation thereof) represents a minority, rather than a majority, of the assessed value of the property in the counties concerned.

The Commission therefore found, which is again supported by the record, that to grant petitioners' request would not equalize the assessments, but might further compound any inequity which might exist. Petitioners would, if their request were granted, pay a disproportionate lesser tax than all others in their same class.

I have carefully considered all of the issues raised by petitioners, and find that the decision of the Board sustaining the Commission is supported by reliable, probative, and substantial evidence on the whole record, was not in violation of constitutional or statutory provisions, was not in excess of its statutory authority, made upon unlawful procedure, or affected by other error of law. I find no abuse of discretion. The order should be affirmed. It is, therefore,

Ordered:
1. That the relief prayed for in the petition be, and it is hereby, denied, and the petition be, and it is hereby, dismissed with prejudice.
2. That the order of the Tax Board of Review dated December 17, 1982, be, and it is hereby, affirmed.

Affirmed.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.