**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 02-30420
Summary Calendar

_____

CHERIE SHIPP; JERRY GATES,

Plaintiffs-Appellees,

versus

ROYCE L. MCMAHON, etc; ET AL,

Defendants,

STEVE CROPPER, Webster Parish Sheriff's Office Deputy;
BETTY SHIPP, Webster Parish Sheriff's Office Deputy;
THEODORE L. RISER, Sheriff of Webster Parish, Louisiana,

Defendants-Appellants.

_____

Appeal from the United States District Court
For the Western District of Louisiana
(No. 97-CV-308)

_____

November 7, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This is the second panel of this Court to consider whether plaintiffs' allegation that defendants

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

violated their constitutional rights, in violation of 42 U.S.C. § 1983, survives defendants' motion to dismiss for qualified immunity.[1]  Because we conclude that the right underlying plaintiffs' allegation of unequal police protection, a "class of one" equal protection claim, was not clearly established at the time of the alleged violation, we reverse the district court's denial of qualified immunity and remand for consideration of the state law claims.  Whether a constitutional right is clearly established is a question of law, Shipp v. McMahon, 234 F.3d 907, 912 (5th Cir. 2000) (Shipp I), which we review de novo. Dunn v. Commissioner, 301 F.3d 339, 348 (5th Cir. 2002).

In order to defeat the defense of qualified immunity, a plaintiff must show that a clearly established constitutional right was violated.  Sanchez v. Swyden, 139 F.3d 464, 466 (5th Cir. 1998).  A court of appeals must not assume without deciding whether the constitutional right asserted by a plaintiff is a constitutional right at all.  Siegert v. Gilley, 500 U.S. 226, 232 (1991).

*Whether Plaintiffs Allege Violation of Constitutional Right At All*

Cases with varying degrees of generality, from the Supreme Court,  other circuits, and this Court, hold that the equal protection rights of an individual, independent of membership in a suspect class, can be violated by unequal treatment by the government.  See Village of Willowbrook v. Olech, 528 U.S. 545, 564 (2000) ("Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from

---

[1]  On petition to rehear, Shipp v. Mahon, 234 F.3d 907(5th Cir. 2000)(Shipp I) held sheriffs and deputies did not violate clearly established law when they allegedly provided less protection to a victim of domestic assault than to victims of other assaults, and thus were entitled to qualified immunity.  Shipp I reversed the district court's denial of qualified immunity but remanded to allow plaintiff to amend the complaint to allege a "class of one" equal protection claim.  (The underlying case, at 199 F.3d 256, affirmed the district court's denial of qualified immunity.)

others similarly situated and that there is no rational basis for the difference in treatment."); Hilton v. City of Wheeling, 209 F.3d 1005, 1008 (7th Cir. 2000) ("class of one" unequal police protection claim requires plaintiff to "present evidence that the defendant deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position."); Watson v. City of Kansas City, Kansas, 857 F.2d 690, 694 (10th Cir. 1988) ("Although there is no general constitutional right to police protection, the state may not discriminate in providing such protection."); McKee v. City of Rockwall, Tex., 877 F.2d 409, 418 (5th Cir. 1989) (Goldberg, J., concurring in part and dissenting in part) (approving Watson). However, the Court's earlier decision in this case, Shipp I, may or may not have extended the "class of one" equal protection right to the context of law enforcement.

In any case, the first panel gave Shipp an opportunity to allege a "class of one" equal protection claim. Whether or not that decision recognizes a "class of one" equal protection right in the police protection context, the Court remanded to give plaintiff the chance to allege its violation. Under the law of the circuit doctrine, the second panel to see a case cannot overrule the decisions of the first panel. See, e.g., Missouri Pac. R.R. v. Railroad Commn., 948 F.2d 179, 186 (5th Cir. 1991). It would be inconsistent for this panel to hold that plaintiff could in no way sustain the pleading burden this Court itself invited.

*Clearly Established at Time of Alleged Misconduct*

Appellants contend the "class of one" equal protection claim for unequal police protection was not clearly established as of 1996. Since at least 1923, the Supreme Court has recognized "successful equal protection claims brought by a 'class of one' where the plaintiff alleges she has been

intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook, 528 U.S. at 567 (citing Sioux City Bridge Co. v. Dakota County, 260 U.S. 441 (1923)). While such a claim has been extended to the police protection context by at least one circuit, see Hilton, 209 F.3d at 1008, neither the Supreme Court nor this Court had moved the analysis beyond the land use/assessment context as of 1996. Moreover, this Court's prior opinion in this case, adopting the Hilton framework for "class of one" equal protection claims, notes that this Court had not reached this issue prior to December 2000. Shipp I, 234 F.3d at 916 n.6.

In the absence of precedent that is directly on point, a plaintiff may yet show that an official action is not protected by qualified immunity if, based on pre-existing law, the unlawfulness of the conduct is apparent. Hope v. Pelzer, ___ U.S. ___, 122 S.Ct. 2508, 2515 (2002). Taking appellees' allegations as true, appellant Betty Shipp, working as a police dispatcher, hung up on a caller who reported Betty Shipp's own son was involved in the abduction of his estranged ex-wife, Cherie Shipp. While this conduct shocks the conscience, appellees fail to show why, given the absence of "class of one" claims reaching unequal police protection, the unlawfulness of this conduct was nevertheless apparent in 1996. Appellant Steve Cropper, a Webster Parish deputy sheriff, does acknowledge in his deposition that treating Cherie Shipp, or anyone, differently would be illegal. However, just because Cropper may think some conduct is "illegal" does not transfigure what is obviously a due process claim without legs into an equal protection claim with them. Qualified immunity applies to this "class of one" claim because the underlying constitutional right was not clearly established in 1996.

Appellants cut and paste excerpts of this Court's prior opinion to support their aspiration that

4

Shipp's state law claims were dismissed by this Court. A complete review of that opinion undermines this position. The state law claims are mentioned twice, once each in the opening and penultimate paragraphs.[2] The Court wrote that its reversal of the district court was "for the reasons stated below," all of which addressed whether constitutional rights were clearly established for § 1983 qualified immunity purposes, and none of which were directly related to the state law claims. When the court concluded "We REVERSE the district court's denial of the defendants' motion to dismiss . . . and hold that the defendants are entitled to qualified immunity," the court was addressing qualified immunity under federal law for § 1983 actions, and not qualified immunity under Louisiana law for the state law claims.

We reverse the district court's decision on qualified immunity for the "class of one" equal protection claim and remand to the district court, noting it has discretion under 28 U.S.C § 1367(c)(3) to retain supplemental jurisdiction over the remaining state law claims.

REVERSED AND REMANDED.

---

[2] The opening paragraph reads in full:

> This case involves the defendants-appellant's challenge to the district court's denial of their motion to dismiss the plaintiffs-appellees' claims brought under 42 U.S.C § 1983 (1994) and state tort law. The defendants-appellants moved to dismiss the plaintiffs-appellees' claims under FED.R.CIV.PROC. 12(b)(6) claiming qualified immunity. The district court denied the defendants-appellants' motion. For the reasons stated below, we REVERSE the district court's ruling.

234 F.3d at 909.

The penultimate paragraph reads in full:

> We REVERSE the district court's denial of the defendants' motion to dismiss under FED.R.CIV.PROC. 12(b)(6), and hold that the defendants are entitled to qualified immunity. We REMAND to the district court for further proceedings consistent with this opinion.

234 F.3d at 917.