# STATE OF MICHIGAN

# COURT OF APPEALS

MAYFIELD TOWNSHIP,

Plaintiff-Appellee,

v

DETROIT EDISON COMPANY,

Defendant-Appellant.

UNPUBLISHED
May 24, 2016

No. 323774
Lapeer Circuit Court
LC No. 12-045398-CZ

Before: RONAYNE KRAUSE, P.J., and SAWYER and STEPHENS, JJ.

RONAYNE KRAUSE, P.J. (*dissenting*).

This case was presented to the trial court, and comes before us now, on a set of stipulated, and rather incomplete, facts. The parties have presented this case as a question of law and ask for a determination of the validity of plaintiff's ordinance and the charges owed by defendant thereunder. Nonetheless, "[t]he reasonableness of an ordinance, while a question of law, *depends upon the particular facts of each case*." *Square Lake Condo Ass'n v Bloomfield Twp*, 437 Mich 310, 318; 471 NW2d 371 (2008) (emphasis added). I would remand this case to the trial court for the development of a more complete record in light of the following observations.

To begin with, I agree with the majority opinion and the trial court that MCL 460.6 does not shield defendant from fees for beneficial services. While the public service commission has exclusive authority to "regulate all rates, fares, fees, charges, services, rules, conditions of service, and all other matters pertaining to the formation, operation, or direction of public utilities," MCL 460.6(1), plaintiff's ordinance does not govern Detroit Edison's formation, operation, or direction of the utility. Rather, the ordinance imposes a fee on Detroit Edison for services rendered in Detroit Edison's benefit. Nowhere in MCL 460.6, or elsewhere, has the public utility been exempted from such a fee.

That defendant is not exempt from this fee, however, does not end our inquiry. In order to be a valid fee, there must exist "some reasonable relationship . . . between the amount of the fee and the value of the service or benefit." *Bolt v City of Lansing*, 459 Mich 152, 161; 587 NW2d 264 (1998). The trial court concluded that plaintiff was not required to determine the fee with mathematical precision and that plaintiff's procedure of dividing the contract price for fire protection by the number of fire runs in a year was reasonable. Though I recognize that the costs for responding to various calls will fluctuate with the precise circumstances of each call, I agree with the trial court that, in this case, the amount of the fee was reasonable. Plaintiff does not

-1-

operate its own fire services; rather, the Lapeer Fire Department provides services to the citizens of Mayfield Township and Mayfield Township pays Lapeer a flat yearly fee. Therefore, plaintiff's costs do not fluctuate with regard to the particular circumstances of the call. Plaintiff is not required to calculate the exact value of services rendered to the beneficiary when plaintiff itself does not pay by the service rendered. Accordingly, I agree with the trial court that plaintiff's procedure for determining the fee schedule is reasonable.

Where I depart from the trial court and the majority opinion regards plaintiff's assessment of the fee for the 25 incidents relayed in the statement of facts. In each of the 25 incidents, defendant was charged the entire fee for the services rendered. The majority opinion finds no error in the trial court's conclusion that this assessment was reasonable because the fire runs conferred a benefit on Detroit Edison in that the runs attempted to protect defendant's personal property from damage and protected defendant from liability caused for damage to property owned by others. I find the latter justification somewhat untenable; there is no statute imposing strict liability upon electric utility companies and therefore defendant would only be liable if it breached some duty of care. Nevertheless, I agree that defendant did receive some benefit from the fire runs. At the very least, the presence of fire personnel offers an initial assessment of the damage to defendant's property and allows defendant to plan its response accordingly. Further, in many cases fire personnel prevented members of the public from coming into contact with the damaged equipment and thereby exposing the equipment to the possibility of further damage.

The majority opinion's analysis essentially ends here, determining that, because defendant received a benefit, the ordinance was reasonable. However, the receipt of a benefit should not end our inquiry. As the majority opinion points out, the federal and state constitutions guarantee equal protection of the law. US Const, Am XIV; Const 1963, art 1, §2. " 'The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.' " *Vill of Willowbrook v Olech*, 528 U.S. 562, 564 (2000), quoting *Sioux City Bridge Co. v Dakota County*, 260 U.S. 441, 445 (1923).

The ordinance in this action assesses a fee upon those who receive a benefit from fire runs. As defendant received a benefit from the fire runs at issue, defendant is responsible for the fee. Nonetheless, defendant was not the only beneficiary in each of the 25 stipulated incidents. When a power line falls on a homeowner's yard or a utility pole catches fire, the fire department's response not only protects from damage to the utility's property but also to the property of the homeowner. By preventing the family pet from being electrocuted or preventing a fire from spreading to the home, the fire department has protected the homeowner's property and bestowed a benefit upon the homeowner. Therefore, under the ordinance, the homeowner would be responsible for the fee. However, neither plaintiff nor the fire department make any inquiry into this benefit. The stipulated facts indicate multiple incidents in which a tree fell on a power line threatening damage to the power line from the weight of the tree and fire damage to the tree and surrounding property. Nonetheless, plaintiff did not investigate to determine who the tree belonged to and therefore who would be partially responsible for the fee in any of the incidents included in the stipulated facts. Rather, in all 25 stipulated incidents, defendant was the sole beneficiary responsible for the fee.

Plaintiff and the majority opinion contend that this responsibility is reasonable because the fire department's intervention precluded defendant from being liable for the damage to property owned by others. In doing so, the majority opinion predetermines defendant's liability without affording defendant its day in court. In an appropriate case, defendant may have breached a duty of care entitling the property owner to seek reimbursement of his or her portion of the fee. Yet, in such a case, the property owner's remedy is properly determined by the small claims court; not by the Mayfield Township clerk's office.

"The reasonableness of an ordinance . . . depends upon the particular facts of each case." *Square Lake Condo Ass'n*, 437 Mich at 318. By enacting an ordinance that assesses a fee upon all beneficiaries of a service and then applying that ordinance in a given situation to exclude potential payers and channel responsibility to a single beneficiary, a township arbitrarily discriminates against the beneficiary in violation of his equal protection rights. Accordingly, I would remand this case to the trial court for an examination of each of the 25 incidents at issue. In situations where the trial court determines that defendant was the sole beneficiary of the fire run, the fee is valid; however, in situations where there existed a second beneficiary and plaintiff arbitrarily imposed the fee solely on defendant, I would have the trial court declare the fee invalid.

/s/ Amy Ronayne Krause