# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA
DEPARTMENT OF PUBLIC SAFETY, A
MUNICIPAL CORPORATION AND
SUBDIVISION OF THE STATE OF
NEVADA,
Appellant,
vs.
JASON LEWIS NEARY,
Respondent.

No. 72578



FILED

JUL 2 6 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order terminating a sex offender registration requirement. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

Pursuant to a conviction in California, respondent Jason Lewis Neary registered with California's sex offender registry in February 1995. In February 2004, Neary moved to Nevada and registered with Nevada's sex offender registry under NRS 179D.490 (2001), commonly referred to as Megan's Law. Megan's Law is a federal law that Nevada adopted and implemented, which mandates a certain amount of time that a sex offender must be registered in Nevada. *See* NRS 179D.490(2) (2001). In relevant part, a sex offender is required to register for fifteen consecutive years. *Id.*

In 2007, however, the Nevada Legislature amended Nevada's sex offender registration laws in order to conform with the Adam Walsh

18-28834

Child Protection and Safety Act of 2006, 42 U.S.C. §§16901-16961 (current version at 34 U.S.C. §§ 20901-20962 (2017)). *See* 2007 Nev. Stat., Ch. 485 §§ 1-57, at 2744-88; A.B. 579, 74th Leg. (Nev. 2007). Both the federal and state versions of the Adam Walsh Act were designed to replace Megan's Law. Under Nevada's version of the Adam Walsh Act, sex offenders are classified into three tiers. NRS 179D.495. In relevant part, a Tier I offender must register for ten consecutive years before seeking a petition to terminate registration, while a Tier II offender must register for twenty-five consecutive years. NRS 179D.490(2) and (3) (2007). Due to a series of federal and state lawsuits, the enforcement of Nevada's version of the Adam Walsh Act was enjoined and only in effect from January 22, 2016 to July 1, 2016.[1] *See Does 1-17 v. Eighth Judicial Dist. Court*, Docket No. 70704 (Order, July 1, 2016).

During the window in which the Adam Walsh Act was in effect, on June 30, 2016, respondent Jason Neary attempted to petition the district court to terminate his obligation to register as a sex offender. However, due to a filing error, Neary's petition was not successfully filed until July 1, 2016. The district court nevertheless granted Neary's petition, finding that because Neary attempted to file his petition while the Adam Walsh Act was in effect, equity required it to consider his petition under such act. Under the Adam Walsh Act, the district court found that Neary met the registration requirements as he registered for at least ten consecutive years,

---

[1]We note that while this appeal was pending, this court removed the temporary stay of enforcement of the Adam Walsh Act. *Does 1-17 v. Eighth Judicial Dist. Court*, Docket No. 70704 (Order Denying Petition, April 27, 2018).

even though Neary is classified as a Tier II offender based on his convictions.

On appeal, the State argues that the district court improperly commingled the requirements of the Adam Walsh Act with the tier classification of Megan's Law to terminate Neary's registration obligation, and that applying either law separately, Neary is not eligible for termination of his obligation to register as a sex offender. We agree.

This court reviews a district court's conclusions of law, "such as those involving statutory construction, de novo." *Grosjean v. Imperial Palace, Inc.*, 125 Nev. 349, 359, 212 P.3d 1068, 1075 (2009).

Megan's Law and the Adam Walsh Act cannot be commingled to terminate a sex offender's obligation to register as a sex offender as the Adam Walsh Act was intended to replace Megan's Law. Under the Adam Walsh Act, Neary is classified as a Tier II offender and he must register for twenty-five consecutive years. *See* NRS 179D.490(2) (2007). The Adam Walsh Act states, "registration begins on the date that the Central Repository or appropriate agency of another jurisdiction establishes a record of registration for the offender or sex offender." NRS 179D.490(3)(b) (2007). Based on Neary's time registered in California and Nevada, up until the time the district court terminated his registration obligation, he had registered for 22 years. Thus, Neary has not satisfied the requirements under the Adam Walsh Act rendering him ineligible to petition to terminate his duty to register under such act.

Alternatively, Megan's Law provides that, under certain conditions, a sex offender may petition to terminate his or her duty to register as a sex offender after fifteen consecutive years. NRS 179D.490(2) (2001). Under Megan's Law registration begins once the Central Repository

established a record of registration for the sex offender. *Id.* Neary was registered in Nevada for 13 years at the time he petitioned the district court, and thus, failed to meet the statutory requirements to terminate his registration under Megan's Law.

The district court granted Neary's petition based on an incorrect application commingling the statutes. Analyzed under either statute separately, Neary's petition should be denied. Nonetheless, two issues remain: (1) whether Neary's equal protection claim would allow for commingling of the statutes; and (2) assuming that Neary's equal protection argument fails, whether Neary receives credit for the gap period caused by the district court's order granting relief from his registration obligation. We address each in turn.

*Equal protection*

Neary argues that the district court's classification of him as a Tier I offender under the Adam Walsh Act was consistent with his equal protection rights, as the State permitted similarly situated registrants to use their Megan's Law tier status in conjunction with the registration time-period under the Adam Walsh Act. In response, the State argues that if Neary was treated differently than similarly situated registrants, it was not intentional and there was a rational basis for doing so. We review constitutional challenges de novo. *Rico v. Rodriguez*, 121 Nev. 695, 702, 120 P.3d 812, 817 (2005).

The Equal Protection Clause of the United States and Nevada Constitutions prohibits the State from denying "any person within its jurisdiction the equal protections of the laws." U.S. Const. amend. XIV, § 1; *Malfitano v. Cty. of Storey*, 133 Nev., Adv. Op. 40, 396 P.3d 815, 821 (2017). The "provision creates no substantive rights"; rather, "it embodies a general rule that States must treat like cases alike but may treat unlike cases

accordingly." *Vacco v. Quill*, 521 U.S. 793, 799 (1997). An equal protection claim may be brought by a "class of one if the appellant can demonstrate that he or she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Malfitano*, 396 P.3d at 821 (internal quotation marks omitted). "[T]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the state's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (quoting *Sioux City Bridge Co. v. Dakota Cty.*, 260 U.S. 441, 445 (1923)).

Here, the record suggests that Neary may have an equal protection argument. Specifically, the record shows that at least one other sex offender may have been allowed to commingle the statutes to terminate his registration obligation. However, the record has not been sufficiently developed for us to determine whether there is a rational basis for the State's seemingly different treatment of at least one other individual, and whether there are other individuals for which the State has allowed an individual to terminate his registration requirements by commingling the statutes. As Neary's claim concerns constitutional rights, we conclude that it is proper to remand so that the parties are given an opportunity to develop a record in the district court regarding these issues, and for the district court to make findings on these issues. *See Sowers v. Forest Hills Subdivision*, 129 Nev. 100, 105, 294 P.3d 427, 432 (2013) ("This court will uphold the factual findings of the district court as long as these findings are not clearly erroneous and are supported by substantial evidence.").

*Credit for the gap period*

During oral argument, the issue arose of the "gap period" created in Neary's registration between the time the district court granted Neary's petition to terminate his registration, for which the State did not obtain a stay, and the State's appeal. Under questioning by the court, the State conceded that it would not count the gap period against Neary as to the "consecutive years" registration requirement. In addition, in its briefing, the State provided an affidavit providing that the Nevada Sex Offender Registry "will provide credit to Jason Lewis Neary for any lapse in registration from the time of the district court Order terminating his registration requirements until the resolution of this action if directed to do so by this Court." Given the unique circumstances of this appeal, and the concessions by the State, we direct the Nevada Sex Offender Registry to credit Neary for the gap period. The district court will make the initial determination as to the remaining time, depending on the development of the record below and the outcome of Neary's equal protection claim.

Based on the foregoing, we ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc: Hon. Scott N. Freeman, District Judge
Attorney General/Carson City
Attorney General/Dep't of Public Safety/Carson City
McLetchie Shell LLC
Washoe District Court Clerk